Renardo **PIXLEY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 95–CF–1648.

District of Columbia Court of Appeals.

Submitted April 3, 1997.

Decided April 17, 1997.

---

Thomas G. Ross was on the brief for appellant.

Eric H. Holder, Jr., United States Attorney, Washington, DC, with whom John R. Fisher, Thomas C. Black, G. Bradley Weinsheimer and Maureen M. Bailey, Assistant United States Attorneys, were on the brief for appellee.

Before SCHWELB, FARRELL, and REID, Associate Judges.

FARRELL, Associate Judge.

In affirming appellant's convictions, we publish this opinion only to treat his contention that his conviction for armed robbery merged with his conviction for armed carjacking.[1]

■ Absent a clear indication of contrary legislative intent, this court applies the rule of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to claims of merger of criminal offenses. That rule "focuses on objective criteria, [namely] the statutory elements of the offenses charged...." *Parker v. United States*, 692 A.2d 913, 916 (D.C.1997).

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

*Byrd v. United States*, 598 A.2d 386, 389 (D.C.1991) (en banc) (quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182).

■ As the armed element of each offense at issue here adds nothing to the analysis we omit it from the discussion. The crime of robbery as set forth in § 22–2901 "mean[s] robbery in the usual common law sense of the term except as expanded [by the statute]." *Neufield v. United States*, 73 App. D.C. 174, 189, 118 F.2d 375, 390 (1941). In order to establish robbery, the government must prove that the defendant (1) took property of some value, (2) from the immediate possession of the complainant, (3) using force or violence (including stealthy seizure or snatching), (4) and carried the property away (5) with the specific intent to steal it. *Simms v. United States*, 634 A.2d 442, 447 n. 2 (D.C.1993). Carjacking, by contrast, is a "new criminal offense[ ],"[2] defined by the Council of the District of Columbia as follows:

> A person commits the offense of carjacking if, by any means, that person knowingly or recklessly by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, or attempts to do so, shall take from an-

---

1. A jury found appellant guilty of armed carjacking (D.C.Code § 22–2903(a)(1) & (2)(b)(1)) (1996), armed robbery (*id.* §§ 22–2901, –3202), and possession of a firearm during a crime of violence (*id.* § 22–3204(b)) (PFCV).

The trial court did not err in denying appellant's motion to suppress identification testimony, and the evidence was fully sufficient to support appellant's convictions. Even if appellant's statements to the police were taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), a frail argument at best, appellant expressly withdrew his challenge to the statements in the trial court. *See, e.g., Gray v. United States*, 600 A.2d 367, 370 (D.C. 1991). Similarly, appellant's claim that the PFCV charge was duplicitous was never raised in the trial court and is waived.

2. Council of the District of Columbia, Report of the Committee on the Judiciary on Bill 10–16, the "Carjacking Prevention Amendment Act of 1993," at 3 (February 10, 1993) (hereafter Committee Report).

other person immediate actual possession of a person's motor vehicle.

Section 22–2903(a)(1).

Plainly carjacking requires proof of an element that robbery does not: the taking of a person's motor vehicle. Appellant argues, however, that proof of carjacking will always entail proof of robbery as a lesser included offense. The offenses do have obvious similarity, which prompted the Committee Report, *supra* note 2, to refer to the new offense as " '[c]arjacking', or robbery of a motor vehicle." Committee Report at 2. But in interpreting a statute, "we first look to the plain meaning of its language, and if it is clear and unambiguous and will not produce an absurd result, we will look no further." *In re D.H.*, 666 A.2d 462, 469 (D.C.1995). Comparison of the two statutes reveals several respects in which carjacking, by its terms, eases the government's burden of proving traditional robbery. First, whereas robbery requires proof of a specific intent to steal the property taken, so that (for example) intoxication may preclude formation of that intent, *e.g.*, *Womack v. United States*, 119 U.S.App. D.C. 40, 336 F.2d 959 (1964), carjacking requires only that the taking be performed "recklessly." An utterly heedless (perhaps alcohol-induced) mistaken belief in ownership accompanying a forcible demand for possession would thus satisfy the statute, though not robbery. Further, while robbery requires a carrying away or asportation, carjacking by its terms does not; as the government points out, it can be committed by putting a gun to the head of the person in possession and ordering the person out of the car. Finally, we observe that carjacking by definition includes an "attempt[ ]" to take property, while robbery does not; attempted robbery is a separate statute with its own penalty structure. D.C.Code § 22–2902.[3]

Still, from the similarity of the two offenses it might be argued that carjacking was meant to incorporate the elements of robbery, just as the robbery statute embodies (without saying so) every common law element of that crime. But the single equation of carjacking with robbery in the Committee Report, quoted above, is too weak to support that contention. A letter from the Corporation Counsel attached to the report expressing the Executive Branch's view on the proposed new offense put the matter correctly by noting that currently there were "criminal laws that would be applicable to *most* carjackings," but not all.[4] Furthermore, the argument of an implied incorporation of robbery cannot account for the *mens rea* of recklessness made part of the definition of carjacking.

In sum, because each of the two crimes requires proof of a factual element which the other does not, armed carjacking and armed robbery do not merge.

*Affirmed.*

---

**3.** Yet another distinction is that robbery requires the property taken to have at least minimal "value," whereas carjacking by its terms does not.

**4.** Letter to the Chairperson of the Committee on the Judiciary from then-Corporation Counsel John Payton (November 17, 1992), at 1 (emphasis added).