John K. ALLEN, Appellant,

v.

UNITED STATES, Appellee.

No. 96–CF–431.

District of Columbia Court of Appeals.

Submitted May 27, 1997.
Decided June 5, 1997.

Leonard J. Bonner, Washington, DC, filed a brief, for appellant.

Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Roy W. McLeese, III, and Barbara E. Kittay, Assistant United States Attorneys, filed a brief, for appellee.

Before SCHWELB and KING, Associate Judges, and PRYOR, Senior Judge.

SCHWELB, Associate Judge:

We recently held in *Pixley v. United States,* 692 A.2d 438 (D.C.1997), that the defendant's convictions for carjacking [1] and robbery [2] did not merge. For similar reasons, we now conclude that John K. Allen's conviction for unauthorized use of a motor

1. D.C.Code § 22–2903 (1996).

2. D.C.Code § 22–2901 (1996).

vehicle (UUV)[3] did not merge with or into his carjacking conviction.

## I.

Allen was convicted by a jury of carjacking, robbery, and UUV. He was sentenced to consecutive terms of imprisonment for carjacking and robbery and a concurrent term for UUV. On appeal, he contends that his convictions for robbery and UUV both merge into his carjacking conviction. *Pixley*, decided since the briefs were filed, disposes of his contention as to the robbery conviction. We have not, however, previously addressed the relationship between carjacking and UUV.

In determining whether two or more criminal convictions merge, we focus on the statutory elements of the offenses charged. *Pixley, supra*, 692 A.2d at 439–40.

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Byrd v. United States*, 598 A.2d 386, 389 (D.C.1991) (en banc). In this jurisdiction, the Supreme Court's decision in *Blockburger* has been codified by statute, *see* D.C.Code § 23–112 (1996), and "the *Blockburger* rule is to be applied in the analysis of multiple punishment issues 'in the absence of a clear indication of contrary legislative intent.'" *Byrd, supra*, 598 A.2d at 389 (quoting *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980)).

We turn to a comparison of the elements of carjacking and UUV. In order to establish a violation of the carjacking statute, the prosecution must prove beyond a reasonable doubt that the defendant 1) knowingly or recklessly; 2) by force or violence; 3) took from another person; 4) immediate actual possession; 5) of a person's vehicle; or

6) attempted to do so. D.C.Code § 22–2903 (1996). To prove UUV, on the other hand, the government must show that the defendant 1) took, used, operated or removed; 2) a vehicle; 3) from any one of a number of specified locations; 4) without the consent of the owner; and 5) for the offender's own profit, use, or purpose. D.C.Code § 22–3815 (1996).[4]

Carjacking obviously contains elements which UUV does not, most notably the use of force or violence. Allen does not argue to the contrary, but claims that "[t]here are no elements needed to prove ... unauthorized use of a motor vehicle not contained in the elements to constitute the crime of carjacking." We do not agree.

The UUV statute requires proof that the defendant "took, used, operated or removed" the vehicle from its location, and that he did so for his own profit or purpose. *Cf. Grant v. United States*, 402 A.2d 405, 409–10 (D.C.1979). A defendant could commit the crime of carjacking, on the other hand, by simply forcing the owner out of an automobile, and by then burning the vehicle (or, perhaps, stripping it) without taking, using, operating or removing it from its location. Carjacking could thus be accomplished without implicating the first, third and fifth elements of UUV.

Even if this is an improbable scenario—the government acknowledges that "most carjackings will also involve robbery and UUV"—we agree with the government that

> that is not the inquiry. Rather, whether offenses merge turns solely on an analysis of their elements, *see Byrd v. United States, supra*, 598 A.2d at 389. Under that analysis, carjacking does not merge with ... UUV.

*See also Pixley, supra*, 692 A.2d at 440 (discussing legislative history of carjacking statute).

---

**3.** D.C.Code § 22–3815 (1996).

**4.** The elements are somewhat different in UUV prosecutions of passengers. *See In re C.A.P.*, 633 A.2d 787 (D.C.1993); *In re T.T.B.*, 333 A.2d 671, 673 (D.C.1975).

## II.

For the foregoing reasons, Allen's convictions must be and each is hereby

*Affirmed.*[5]

---

**5.** Allen also contends that the trial judge erroneously denied his motion to suppress the complainant's identifications of him at a showup and, subsequently, in the courtroom. The judge found, however, that the showup procedure was not unduly suggestive and that the identification was reliable, and we discern no error. *See, e.g., United States v. Hunter,* 692 A.2d 1370, 1374–77 (D.C.1997); *Lyons v. United States,* 514 A.2d 423, 431 (D.C.1986). Although, at trial, the complainant incorrectly identified a photograph of someone other than Allen as the carjacker, this misidentification did not retroactively render the showup unduly suggestive, and the judge properly left it to the jury to determine the reliability of the identification in the light of all that had occurred. *Hunter, supra,* 692 A.2d at 1375 (citations omitted).