**Teddy Adair HAYES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 96–CM–1078.**

District of Columbia Court of Appeals.

Submitted Jan. 8, 1998.

Decided Feb. 26, 1998.

---

Alex Premysler, appointed by this court, was on the brief for appellant.

Mary Lou Leary, United States Attorney, with whom Mary T. O'Connor and John R. Fisher, Assistant United States Attorneys, were on the brief for appellee.

Before WAGNER, Chief Judge, SCHWELB, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

Following a bench trial, appellant Teddy Adair Hayes was convicted on June 28, 1996 of one count of assault in violation of D.C.Code § 22–504 (1996 Repl.). Appellant contends on appeal that the trial court committed reversible error by denying his motions to dismiss, which were predicated on government and court non-compliance with the Intra–Family Offense Notification Statute, D.C.Code § 16–1002 (1997 Repl.). We affirm.

## I.

The complaining witness began a romantic relationship with appellant in January of 1994. The relationship lasted until December of that year, when she became pregnant with appellant's child. The child lives with complainant, but appellant is involved in the child's upbringing and support.

On February 3, 1996, at approximately 10:00 a.m., appellant telephoned complainant to ask if he could come pick up the baby. Complainant explained that the baby was ill, told appellant not to come over and hung up the phone. Appellant called back several times, and complainant either hung up the phone or simply refused to answer the call.

At approximately 6:00 p.m. on the same day, appellant called the complaining witness to tell her that he wanted to come to her apartment to drop off a money order and diapers for the baby. Complainant was amenable to the idea and appellant arrived at her apartment building at approximately 6:20 p.m. Complainant, however, refused to allow appellant to come up to her apartment, insisting instead that they meet in the apartment building hallway. Appellant stood in the hallway, and complainant stood on a flight of steps leading from the hallway. After appellant asked the complaining witness about her behavior, she indicated that she

did not have anything to say to him, and she started to walk up the stairs.

Appellant grabbed complainant by the back of her pants and pulled her down the stairs. The victim tried to get by appellant in order to return to her apartment, but he pushed her back. At one point appellant pushed the victim in the face and split open her lip. Complainant eventually got past appellant and headed up the stairs. Appellant charged after her and appeared ready to strike her. He then spit on her, insulted her and left the building. The victim immediately called the police, who arrested appellant shortly thereafter. Appellant was charged with assault by an information filed on February 5, 1996.

The complaining witness lodged a civil complaint against appellant, which resulted in a Civil Protection Order by consent issued on March 1, 1996. On March 14, 1996, appellant filed a motion to dismiss the criminal information on the grounds that any criminal disposition would be redundant to, or in conflict with, the Civil Protection Order. The trial court denied appellant's motion at a hearing on April 15, 1996, finding that the information was brought within the government's discretion and that the civil and criminal proceedings were not preclusive. At the same hearing, the trial court stayed the criminal proceeding in order to provide the government time to comply with D.C.Code § 16–1002(a), *supra*, which requires the United States attorney to notify the Director of Social Services of cases involving intrafamily offenses.

On May 2, 1996, appellant filed a supplemental motion to dismiss the information, arguing that the trial court's instruction to the government to notify the Director of Social Services was insufficient in that it did not instruct the Director to respond to the notification. Appellant relied on our decision in *McLeod v. United States,* 568 A.2d 1094 (D.C.1990). Appellant also argued that if the government does not comply with the notification statute in a case where a "minor" offense is charged, the appropriate remedy should be dismissal, not abeyance. The trial court denied the supplemental motion to dismiss at a hearing on May 29, 1996. The trial court found that the statutory framework vested the Director of Social Services with discretion over whether to respond to notification at all, and that the court was therefore without authority to order such a response. At the hearing, appellant also argued that the notification given by the government was insufficient, in that it referred to appellant as complainant's "ex-boyfriend," and did not include the fact that the couple has a child. The trial court was unpersuaded by that argument, finding that the government had complied with the notification mandate. On June 11, 1996, appellant filed a motion for reconsideration of the trial court's rulings on, *inter alia,* the sufficiency of the notification. The motion was denied.

On appeal, appellant reiterates the arguments previously made in his motions to dismiss, that (1) the trial court should have instructed the Director of Social Services to respond promptly to the government's notification under D.C.Code § 16–1002; (2) the procedure of staying proceedings to allow the government to provide the requisite notification is inappropriate; and (3) the notification was statutorily insufficient.[1]

---

1. Appellant also contends on appeal that the inclusion of the Pretrial Services Agency (PSA) report in the case jacket at trial constituted plain error in that it violated confidentiality, biased the judge against appellant and violated appellant's due process rights. Appellant did not object to the report's inclusion in the case jacket at trial, so our review is only for plain error, that is error "so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial." *Watts v. United States,* 362 A.2d 706, 709 (D.C.1976) (en banc) (citations omitted). Under this standard, we find appellant's arguments unconvincing. There is nothing unduly confiden-

tial in a PSA report, it is accepted practice to include the PSA report in case jackets, and the court and lawyers have access to the report in any event. As to bias, it is well settled that in a bench trial a trial judge is presumed to have ignored inadmissible evidence in determining guilt. *See Moore v. United States,* 609 A.2d 1133, 1135–36 (D.C.1992); *Harris v. Rivera,* 454 U.S. 339, 346, 102 S.Ct. 460, 464–65, 70 L.Ed.2d 530 (1981). Further, to hold that impermissible bias existed here would lead to the untenable conclusion that the same judge could not preside over both bail and trial proceedings for a single defendant.

## II.

■ The first issue for consideration is whether a trial court, in staying proceedings to provide the government time to notify the Director of Social Services of an intrafamily offense, must also order the Director to respond to the notification. In arguing that such a directive is required, appellant relies on the following language from our decision in *McLeod, supra,*

> We note that the proper procedure when a defendant files a timely motion ... seeking dismissal for non-notification ... is for the trial court to hold the defendant's motion to dismiss in abeyance and direct the United States Attorney to notify the Director of Social Services, with a further direction by the court to the Director of Social Services to make a prompt response to the notification.

568 A.2d at 1097.

D.C.Code § 16–1002(a) reads, in pertinent part:

> If, upon the complaint of any person of criminal conduct by another or the arrest of a person charged with criminal conduct, it appears to the United States Attorney for the District of Columbia ... that the conduct involves an intrafamily offense, he shall notify the Director of Social Services. The Director of Social Services may investigate the matter and make such recommendations to the United States [A]ttorney as the Director deems appropriate.

In interpreting a statute, " 'we first look to the plain meaning of its language, and if it is clear and unambiguous and will not produce an absurd result, we will look no further.' " *Pixley v. United States,* 692 A.2d 438, 440 (D.C.1997) (quoting *In re D.H.,* 666 A.2d 462, 469 (D.C.1995); *McPherson v. United States,* 692 A.2d 1342, 1344 (D.C.1997)). Within the plain meaning of this statute, the United States Attorney is required to notify the Director of Social Services of all intrafamily offenses. However, the Director is not required to investigate the notified offenses or respond to the notifications. As we have previously noted, "It ... is significant that the Director of Social Services is not required to do anything after being notified of an intra-family offense." *Robinson v. United States,* 317 A.2d 508, 511 (D.C.1974). As such, we find that the trial court is not obliged, under D.C.Code § 16–1002, *supra,* to order the Director of Social Services to respond promptly to the government's notification. The language cited from *McLeod, supra,* is therefore not to be construed as a directive requiring a trial court to order the Director of Social Services to respond to a notification given under D.C.Code § 16–1002, *supra.*

## III.

A second issue raised by appellant is whether the trial court acted appropriately in staying the criminal proceedings to give the government time to comply with the notification requirement of D.C.Code § 16–1002, *supra.*

■ We have repeatedly noted that D.C.Code § 16–1002 "provides no sanction for non-notification." *Robinson, supra,* 317 A.2d at 511; *McLeod, supra,* 568 A.2d at 1097. The trial court, therefore, possesses considerable discretion to impose sanctions it finds are appropriate. *McLeod, supra,* 568 A.2d at 1097. As a guide, we have noted that staying proceedings to give time for the government to notify the Director of Social Services is an appropriate measure. *Id.* We have also explained that while it is within the discretion of the trial court to dismiss a criminal proceeding for non-compliance, "unquestionably the ultimate control over the handling of an intra-family offense is vested in the United States Attorney. Hence, only in an extreme case might dismissal be an appropriate judicial response to a failure to notify the Director." *Robinson, supra,* 317 A.2d at 511.

We are not here presented with an extreme case of non-compliance. The government was alerted to its non-compliance at a hearing on April 15, 1996, and notification was made by a letter dated April 22, 1996. This gave the Director of Social Services over two months before trial to review the case and to respond to the United States attorney. There is no allegation that appellant suffered any harm as a result of the minor delay caused by the abeyance. Be-

cause this was not an extreme case warranting dismissal, the trial court was operating well within the bounds of its discretion by staying the proceedings to allow for compliance. Therefore we will not disturb the trial court's decision.

## IV.

Appellant's final contention is that the notification given to the Director of Social Services was statutorily insufficient, in that it referred to appellant as complainant's "ex-boyfriend," a non-statutorily defined term, and that it did not mention the couple's child.

D.C.Code § 16–1001(5) (1997 Repl.) defines the term "intrafamily offense," in pertinent part, as

> an act punishable as a criminal offense committed by an offender upon a person: (A) ... having a child in common ...; or (B) with whom the offender maintains or maintained a romantic relationship not necessarily including a sexual relationship.

This broad definition is consistent with the idea that the laws dealing with "intra-family offenses must be liberally construed in furtherance of their remedial purpose." *United States v. Harrison*, 149 U.S.App. D.C. 123, 124, 461 F.2d 1209, 1210 (1972).

■ The term "ex-boyfriend" falls within the definition of people with whom the complaining witness has had a "romantic relationship" under the statutory scheme. Although it would have been preferable to couch the notification in statutory language, we find that the government placed the Director of Social Services on sufficient notice that an intrafamily offense had occurred.

With regard to the lack of mention of the couple's child in the notification, we note that it is relevant to the Director's review that appellant and complainant have a child in common, and we would encourage the United States attorney to be comprehensive in its notification procedures. Further, mention of the child would have placed the offense under subsection (A), as well as subsection (B), of the definitions in D.C.Code § 16–1001(5), *supra*, and that may have impacted the Director's handling of the case. However, we do not find that the lack of mention of the

couple's child is an error that requires reversal in light of our finding that the notification, as given, was statutorily sufficient.

For the foregoing reasons, appellant's conviction is hereby affirmed.

*So ordered.*