**Bertram M. BLACKLEDGE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 03–CF–598.

District of Columbia Court of Appeals.

Submitted Feb. 23, 2005.

Decided April 14, 2005.

William T. Morrison, Silver Spring, appointed by the court, was on the brief for appellant.

Kenneth L. Wainstein, United States Attorney, with whom John R. Fisher and Aaron H. Mendelsohn, Assistant United States Attorneys, were on the brief for appellee.

Before RUIZ and REID, Associate Judges, and KING, Senior Judge.

REID, Associate Judge:

On July 29, 2002, the appellant, Mr. Bertram M. Blackledge, was found guilty after a jury trial in the Superior Court of committing a lewd, indecent, or obscene act, D.C.Code § 22–1112(b) (1981);[1] kidnapping, D.C.Code § 22–2101 (1981);[2] and enticing a child, D.C.Code § 22–4110 (1981).[3] On appeal, Mr. Blackledge challenges the sufficiency of the government's evidence, and claims that his conviction for kidnapping merges with enticing a child. We affirm.

## FACTUAL SUMMARY

The record before us demonstrates that at approximately 12:00 p.m. on July 13, 2001, T.C., a twelve-year-old boy, ascended the stairs to his mother's second floor apartment at 1108 I Street, in the northeast quadrant of the District of Columbia, and knocked on the rear door. T.C.'s mother did not answer. However, Mr. Blackledge, a thirty-three-year-old male who lived in the neighboring apartment, opened the door to his apartment to investigate the knocking. Mr. Blackledge, who was wearing "absolutely nothing," asked T.C. what he wanted. When T.C. stated that he was looking for his mother, Mr. Blackledge responded that she was not home and shut his door. Thinking that his mother might be asleep inside, T.C. continued knocking on the back door.

T.C.'s knocking prompted Mr. Blackledge to return to his door two more times. The second time, Mr. Blackledge, who was still completely naked, asked T.C. whether he wanted to wait for his mother inside Mr. Blackledge's apartment. T.C. declined Mr. Blackledge's invitation, stating that he was just "about to leave any way," and turned around and began walking back down the stairs. As T.C. was walking down the stairs, Mr. Blackledge unexpectedly ran out from his apartment and down the stairs. Mr. Blackledge caught T.C. halfway down the stairs, grabbed the boy's right arm, and forced him back up the stairs. T.C. struggled to break free from Mr. Blackledge's grip by repeatedly smacking and hitting him, however, he was unable to stop Mr. Blackledge from dragging him up the stairs and into Mr. Blackledge's apartment. Once inside the apartment, Mr. Blackledge shut and locked the door and propped T.C.'s scooter, which T.C. had kept tucked under his arm, under the door handle to prevent T.C. from leaving.

Mr. Blackledge then threw T.C., who was now crying, to the ground and demanded that he go into his bedroom. T.C. refused. Mr. Blackledge again demanded that T.C. go into his bedroom, this time threatening to put his "tarantulas" on him if he did not go. When T.C. still refused to move, Mr. Blackledge forcibly pushed him into the bedroom. He pushed T.C. onto his bed and made him sit down. Mr. Blackledge then sat down behind T.C., who was cradling his face in the palm of his hands, and told him to watch the pornographic movie playing on the television in front of them. T.C. refused. Grabbing the back of T.C.'s head, Mr. Blackledge pulled the boy's face out of his hands and forced him to watch the pornographic movie. Mr. Blackledge then bent down, put his arms around T.C.'s neck, and began kissing him on the neck. T.C. hit him in the face. Mr. Blackledge responded by tightening his arm around T.C.'s neck and strangling him. T.C. hit him in the face a second time. Mr. Blackledge strangled

1. Recodified at D.C.Code § 22–1312 (2001).

2. Recodified at D.C.Code § 22–2001 (2001).

3. Recodified at D.C.Code § 22–3010 (2001).

T.C. even harder, only stopping when he began to choke.

Mr. Blackledge then stood up and showed T.C. a bag of "twigs and stuff," presumably marijuana, and stated that he had been "smoking too much." Mr. Blackledge asked T.C. if he had any money and if he knew where to buy marijuana. T.C. stated that he did not have any money on him, but, seeing an opportunity to escape, told Mr. Blackledge that he knew where to buy marijuana. Mr. Blackledge searched his home, unsuccessfully, for money to give T.C. to buy marijuana. He returned to the bedroom a few minutes later and told T.C. that "[your] friends are downstairs so you got to go." As T.C. was leaving, Mr. Blackledge warned him not to tell anyone what happened. Exiting the apartment, T.C. immediately approached two police officers patrolling the alleyway behind Mr. Blackledge's apartment.

On February 6, 2002, Mr. Blackledge was charged in a six-count indictment with: (1) lewd, indecent, or obscene acts, D.C.Code § 22–1112(b) (1981); (2) kidnapping, D.C.Code § 22–2101 (1981); (3) enticing a child, D.C.Code § 22–4110 (1981); (4) obscenity, D.C.Code § 22–2001(b) (1981);[4] and (5) two counts of misdemeanor assault, D.C.Code § 22–504 (1981).[5] A three-day jury trial was held in the Superior Court, and on July 29, 2002, the jury found Mr. Blackledge guilty of committing a lewd, indecent, or obscene act, kidnapping, and enticing a child. Mr. Blackledge was also found guilty by the trial court of the two misdemeanor assault charges.[6] On April 30, 2003, Mr. Blackledge filed a timely notice of appeal.

4. Recodified at D.C.Code § 22–2201(b) (2001).

5. Recodified at D.C.Code § 22–404 (2001).

## ANALYSIS

Mr. Blackledge raises two challenges to his convictions. First, he claims that his conviction for kidnapping, D.C.Code § 22–2001, should be vacated because it merges with his conviction for enticing a child, D.C.Code § 22–4110. Second, he claims that the government presented insufficient evidence to sustain his conviction for enticing a child. Finding his arguments unpersuasive, we affirm.

■ Mr. Blackledge's first claim is that the offense of kidnapping merges with that of enticing a child. He argues that "in essence" the District's child enticement statute "constitutes a child kidnapping statute," and that "it is apparent that each of the elements of kidnapping is subsumed in the child enticement statute." Whether these two crimes merge is a question of first impression for this court.

■ "Whether two charged offenses merge into one is not for the jury to decide; rather, it is a question of law ...," see *Spain v. United States*, 665 A.2d 658, 662 n. 5 (D.C.1995) (citing *Hagins v. United States*, 639 A.2d 612, 617 (D.C.1994)), which "[w]e review ... *de novo*." *Nixon v. United States*, 730 A.2d 145, 151–52 (D.C.) *cert denied*, 528 U.S. 899, 120 S.Ct. 233, 145 L.Ed.2d 196 (1999) (citing *Spain*, *supra*, 665 A.2d at 662 n. 5). "Absent a clear indication of contrary legislative intent," we apply the rule articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to Mr. Blackledge's merger claim. *See Pixley v. United States*, 692 A.2d 438, 439 (D.C. 1997). "In *Blockburger* ... the Supreme Court held that 'where the same act or

6. Pursuant to the Misdemeanor Jury Trial Act of 2002, D.C.Code § 16–705(a) (2002), Mr. Blackledge waived his right to a jury trial on the two misdemeanor assault charges.

transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" *Alfaro v. United States,* 859 A.2d 149, 155 (D.C.2004) (quoting *Blockburger,* 284 U.S. at 304, 52 S.Ct. 180). *See also* D.C.Code § 23–112 (2001) (codifying the *Blockburger* rule). "In applying the *Blockburger* test, the focus is on the 'statutorily-specified elements of each offense and not the specific facts of a given case.'" *Alfaro,* 859 A.2d at 155 (quoting *Byrd v. United States,* 598 A.2d 386, 389 (D.C.1991) (en banc)).

In the present case, it is evident that the offense of enticing a child, *see* D.C.Code § 22–4110,[7] requires proof of three separate elements which the offense of kidnapping, *see* D.C.Code § 22–2101,[8] does not. Specifically, to prove enticement, the government was required to show beyond a reasonable doubt that T.C. was less than sixteen years of age, that Mr. Blackledge was more than four years older than T.C., and that Mr. Blackledge took T.C. with the specific intent of committing a sexual offense. *See* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.62 (4th ed. 1993); *Hicks v. United States,* 658 A.2d 200, 203 (D.C.1995).

The kidnapping statute, by contrast, is significantly more broad. It does not include any age requirements, for either the complainant or the defendant; and while both statutes contain a specific intent requirement, the kidnapping statute only requires the government to show that the defendant acted with the specific intent to hold or detain the complainant for any purpose that the defendant believed might benefit him. *See* CRIMINAL JURY INSTRUCTIONS, *supra,* No. 4.90; *Parker v. United States,* 692 A.2d 913, 917 (D.C.1997). The enticement statute, on the other hand, requires the government to show that the defendant acted with the specific intent to commit a sexual offense. In addition, the kidnapping statute requires the government to show that the complainant was seized involuntarily through the defendant's use of mental or physical coercion; however, consent is never a valid defense to child enticement, and therefore the government is not required to show that the child was taken involuntarily. *See* CRIMINAL JURY INSTRUCTIONS, *supra,* No. 4.62. In sum, because each of the two crimes requires proof of a factual element which the other does not, kidnapping and enticing a child do not merge. *See Blockburger, supra.*

■ Mr. Blackledge's second claim is that the government failed to present sufficient evidence to prove that he was guilty of enticing a child, *see* D.C.Code § 22–4110, and that the trial court erred by denying his motion for judgment of acquit-

---

7. D.C.Code § 22–4110 (1981) provides:
 Whoever, being at least 4 years older than a child, takes that child to any place, or entices, allures, or persuades a child to go to any place for the purpose of committing any offense set forth in §§ 22–4102 to 22–4106 and §§ 22–4108 and 22–4109 shall be imprisoned for not more than 5 years and, in addition, may be fined in an amount not to exceed $50,000.

8. D.C.Code § 22–2101 (1981) provides, in pertinent part:

 Whoever shall be guilty of, or of aiding or abetting in, seizing, confining, inveigling, enticing, decoying, kidnapping, abducting, concealing, or carrying away any individual by any means whatsoever, and holding or detaining, or with the intent to hold or detain, such individual for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall, upon conviction thereof, be punished by imprisonment for life or for such term as the court in its discretion may determine.

tal.[9] He argues that because he "voluntarily released [T.C.]" before committing a sexual offense, "there was insufficient evidence to establish [his] intent to engage in sexual contact."

 "In reviewing a claim of denial of a motion for judgment of acquittal, this court applies the same standard as the trial court in determining whether the evidence was sufficient to support the conviction." *Williams v. United States*, 858 A.2d 984, 1001 (D.C.2004) (citing *McCullough v. United States*, 827 A.2d 48, 57 (D.C.2003) (quoting *Curry v. United States*, 520 A.2d 255, 263 (D.C.1987))). "Under that standard, we 'view the evidence in the light most favorable to the government, giving deference to the fact finder's right to weigh the evidence, determine the credibility of the witnesses, and draw inferences from the evidence presented.'" *Williams*, 858 A.2d at 1001 (citing *McCullough, supra*, 827 A.2d at 57). "Only if there is no evidence upon which a reasonable mind can infer guilt beyond a reasonable doubt is reversal warranted." *Id.* (citation omitted).

Applying this familiar standard, we conclude that the evidence was sufficient to support the trial court's denial of Mr. Blackledge's motion. To establish enticement, the government had to prove that Mr. Blackledge took T.C. to his home for the purpose of committing a sexual offense. *See* D.C.Code § 22–4110. A sexual offense may be either a "sexual act" or "sexual contact," as defined by D.C.Code § 22–4101, and includes "the touching with any clothed or unclothed body part or any object, either directly or through clothing, of the genitalia, anus, groin, breasts, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desires of any person." § 22–4101(9).

Here, the evidence demonstrated that Mr. Blackledge, standing completely naked, asked T.C. if he wanted to wait for his mother in his apartment. When T.C. refused his invitation and tried to walk away, Mr. Blackledge grabbed him by the arm and forced him into the apartment. Once inside, he threw T.C. to the ground, locked the door, and pushed T.C. into his bedroom. Still completely naked, Mr. Blackledge forced T.C. to sit next to him on his bed and watch a pornographic movie. He then began kissing the boy's neck. When T.C. fought back, hitting Mr. Blackledge in the face several times, Mr. Blackledge strangled him. It was not until Mr. Blackledge saw the police cruiser waiting outside his apartment that he let the boy leave. This evidence, viewed in the light most favorable to the government, was sufficient to support the inference that when Mr. Blackledge forced T.C. into his home he had the specific intent to commit a sexual offense.

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

*So ordered.*

---

**9.** At the close of the government's case, Mr. Blackledge moved for a judgment of acquittal on all counts. With respect to enticing a child, the trial court found that the government had presented sufficient evidence for the jury to infer that when Mr. Blackledge took T.C. into his home he acted with the specific intent to commit a sexual offense.