# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 97-2439

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Daniel L. Lopez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: May 26, 1998
Filed: June 2, 1998

———————

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit
Judges.

———————

PER CURIAM.

On the Friday before his trial was to commence, Daniel L. Lopez pleaded guilty to conspiring to distribute methamphetamine, amphetamine, and marijuana between January and August 1996, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I); to possessing methamphetamine and amphetamine with intent to distribute on August 27, 1996, in violation of section 841(a)(1) and 18 U.S.C. § 2 (Count IV); and to using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18

U.S.C. § 924(c)(1) and section 2 (Count V). The district court[1] imposed concurrent sentences of 300 months imprisonment on Counts I and IV, and an additional, consecutive term of 60 months imprisonment on Count V, to be followed by ten years supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). We affirm.

Counsel first challenges the district court's drug-quantity determination, and the application of a two-level enhancement under U.S. Sentencing Guidelines Manual § 3C1.2 (1997) for reckless endangerment during flight. These challenges are moot, however, because Lopez ultimately was properly sentenced under the career-offender Guideline, U.S. Sentencing Guidelines Manual § 4B1.1(A) (1997).

Counsel also challenges the district court's failure to afford Lopez a three-level acceptance-of-responsibility reduction. We conclude the district court did not clearly err in granting only a two-level reduction, because he pleaded guilty only the Friday before trial was set to begin, and the government had therefore been required to prepare for trial. Cf. U.S. Sentencing Guidelines Manual § 3E1.1(b)(2) (1997) (additional one-level reduction afforded to defendant who timely notifies government of his intention to plead guilty, thereby permitting government to avoid preparing for trial); see United States v. Trupiano, 11 F.3d 769, 776 (8th Cir. 1993) (standard of review).

We have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), for any nonfrivolous issues for appeal, and have found none.

Accordingly, we affirm the judgment of the district court. We also deny Lopez's motions for appointment of appellate counsel.

---

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.