# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4291

_____

E.J.R.E.,                                    *
                                             *
            Appellant,                       *
                                             *
      v.                                     *
                                             *
United States of America,                    *
                                             *
            Appellee,                        *

_____

No. 05-4293                          Appeals from the United States
                                     District Court for the
_____                          District of South Dakota.

T.R.E.,                                      *
                                             *
            Appellant,                       *
                                             *
      v.                                     *
                                             *
United States of America,                    *
                                             *
            Appellee,                        *

_____

No. 05-4294
_____

C.R.,                                          *
                                               *
            Appellant,                         *
                                               *
    v.                                         *
                                               *
United States of America,                      *
                                               *
            Appellee,                          *

                                   _____

                          Submitted: June 12, 2006
                          Filed: July 18, 2006
                                   _____

Before BYE, LAY, and RILEY, Circuit Judges.
                                   _____

LAY, Circuit Judge.

## I.  BACKGROUND

On November 2, 2002, an amendment to 18 U.S.C. § 5037(a) became effective vesting federal district courts with the express statutory authority to impose a juvenile sentence that includes a period of detention followed by a term of juvenile delinquent supervision.[1]  E.J.R.E., C.R., and T.R.E. (collectively "Appellants"), were each

_____

[1]See 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107-273, § 12301, 116 Stat. 1758 (codified as amended at 18 U.S.C. § 5037 (2003)).

adjudicated delinquent and subsequently sentenced to detention followed by a term of juvenile delinquent supervision for conduct that occurred before November 2, 2002.

On May 21, 2004, we held, in United States v. J.W.T., 368 F.3d 994, 996-97 (8th Cir. 2004), that the amendment to § 5037 expressly authorizing juvenile delinquent supervision could not be applied to acts of delinquency committed prior to November 2, 2002. In light of our ruling, Appellants filed § 2255 motions in federal district court to vacate, set aside, or correct their sentences. E.J.R.E. and C.R. filed their motions on May 17, 2005, and T.R.E. filed his motion on May 23, 2005. The district court[2] denied all three motions as untimely. Appellants now challenge this ruling.

## II. DISCUSSION

### A.    Paragraph 6(4) of 28 U.S.C. § 2255

Appellants first argue that 28 U.S.C.§ 2255 para. 6(4) renders their respective § 2255 motions timely.[3] We review de novo the district court's decision to dismiss Appellants' § 2255 motions based on the statute of limitations. See Snow v. Ault, 238 F.3d 1033, 1034 (8th Cir. 2001); see also Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001).

---

[2]The Honorable Karen E. Schreier, Chief United States District Judge for the District of South Dakota.

[3]T.R.E.'s sentence has since expired, while both E.J.R.E. and C.R. are presently serving terms on juvenile delinquent supervision. Although each juvenile's case was adjudicated separately below, Appellants' claims were subsequently consolidated into one single appeal. Therefore, because one of the parties retains a "cognizable interest in the outcome," the case is not moot. Powell v. McCormack, 395 U.S. 486, 496-97 (1969).

Under paragraph 6(4), a § 2255 petition is timely if it is filed by a federal prisoner within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[4] The plain language of paragraph 6(4) makes clear that Appellants must show the existence of a new fact, while also demonstrating they acted with diligence to discover the new fact. Appellants contend the Eighth Circuit's decision in J.W.T. constitutes a new "fact" under paragraph 6(4). In support of this argument, Appellants cite the United States Supreme Court's recent decision in Johnson v. United States, 544 U.S. 295 (2005).

In Johnson, petitioner Robert Johnson was convicted of a federal drug crime and was subsequently sentenced as a career offender under the United States Sentencing Guidelines. Id. at 298. The career offender enhancement was predicated

---

[4]28 U.S.C. § 2255 para. 6 provides that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

on Johnson's two prior state court convictions for cocaine distribution. Id. Thereafter, Johnson petitioned for writ of habeas corpus in state court, and one of the convictions used by the federal district court to enhance his sentence was vacated. Id. at 300-01. Johnson then filed a § 2255 motion in district court to vacate his enhanced federal sentence, which was denied. Id. at 301. The Eleventh Circuit affirmed, reasoning that a state court order vacating a conviction was not a fact for purposes of paragraph 6(4). Id. at 301-02. The Supreme Court granted certiorari. Id. at 302. Although the Court ultimately concluded that petitioner did not qualify for relief under paragraph 6(4) because he failed to act with diligence, id. at 311, it did, as a preliminary matter, note that Johnson's vacated state court conviction was a qualifying fact under paragraph 6(4). Id. at 306-07. This is because a predicate conviction has long been understood to be "subject to proof or disproof like any other factual issue." Id. at 307.

Here, however, there is no operative fact to invalidate. A decision such as the one promulgated in J.W.T., unlike a predicate conviction, is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved. See Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005) ("We would never, for example, ask a jury to decide whether a judicial decision had indeed changed a state's law in the relevant way, nor would the parties introduce evidence on the question."). Moreover, even assuming J.W.T. could qualify as a new fact under paragraph 6(4), Appellants did not contest the district court's sentence by filing a direct appeal and, therefore, cannot demonstrate they acted with the requisite diligence after final judgment was entered. See Johnson, 544 U.S. at 310 (requiring petitioner to act diligently after the district court enters judgment to preserve eligibility to invoke the statute of limitations under § 2255 para. 6(4)).

Finally, we note that paragraph 6(3) further supports the conclusion that a decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255. Paragraph 6(3)

states that the statute of limitations will begin to run only where the Supreme Court recognizes a new right that it applies retroactively to cases on collateral review. § 2255 para. 6(3). We believe Congress, by limiting paragraph 6(3) in this fashion, impliedly rejected the notion that the creation of a new right by the Supreme Court that is not made retroactive to cases on collateral review, other rulings of law by the Supreme Court, and decisions taken from the courts of appeal in all instances, could trigger any of the limitations periods enumerated under § 2255. Therefore, the district court's ruling was proper.

### B.     Equitable Tolling

Appellants next contend the doctrine of equitable tolling should be applied to toll the one-year statute of limitations provided under § 2255. We review this claim de novo. United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005). Equitable tolling is only appropriate in instances where extraordinary circumstances beyond a petitioner's control prevent timely filing. See id. at 1093. The petitioner must also demonstrate he acted with due diligence in pursuing his petition. See id. at 1095.

Even if this court's decision in J.W.T. could constitute an "extraordinary circumstance," we can reference no impediment whatsoever that would have inhibited Appellants' ability to file a timely § 2255 petition. The mere fact that our ruling in J.W.T. made it more likely that Appellants' collateral attack would be successful does not change the reality that Appellants were free, at any time, to file their § 2255 petitions after final judgment was entered and before the one-year statute of limitations period had expired. § 2255 para. 6(1). Further, Appellants' failure to file a direct appeal demonstrates a lack of diligence and, as such, the district court's ruling was proper.

## III. CONCLUSION

For the aforementioned reasons, we affirm.

_____