# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2769

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Suresh Harlan Small, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: February 8, 2010
Filed: April 2, 2010

_____

Before LOKEN, Chief Judge[1], GRUENDER and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Suresh Harlan Small challenges his 240-month sentence for armed bank robbery. He argues that the district court[2] erred in calculating his guidelines range, applying an obstruction-of-justice enhancement, and not granting a downward

_____

[1]The Honorable James B. Loken stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2010. He has been succeeded by the Honorable William Jay Riley.

[2] The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

departure.  Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

## I.

On March 28, 2008, Small robbed a bank in St. Anthony, Minnesota.  As he fled the scene, a device on a money bag tracked him.  Small then led police on a high-speed chase through morning rush-hour traffic, reaching speeds over 100 miles per hour.  He eventually exited his vehicle pointing a pellet gun at police.  Officers shot Small, wounding him in the leg.

At the hospital, Small confessed to the robbery and four previous bank robberies, leading to a five-count indictment for bank robbery.  He pled guilty to all counts.  The parties agreed he was a career offender.  Applying an obstruction-of-justice enhancement for flight and brandishing a weapon, the district court calculated a guidelines range of 262 to 327 months.  The court sentenced Small to 240 months' imprisonment.

## II.

Small contends that the court improperly increased his criminal history category.  This court reviews a district court's guidelines calculations de novo, and reviews factual determinations for clear error.  **United States v. Yah**, 500 F.3d 698, 702 (8th Cir. 2007).

The career-offender provision requires that the total offense level be the greater of the offense level in § 4B1.1(b), or the offense level otherwise applicable under Chapters Two and Three of the guidelines based on the underlying conduct.  **U.S.S.G. § 4B1.1(b)**.  The provision also places a career offender's criminal history "in every case" at category VI.  **Id.**

Small's offense level under § 4B1.1(b) was 31. His offense level based on the underlying conduct was 34. The district court adopted the greater offense level of 34. It then assigned Small a category VI criminal history, yielding a guidelines range of 262 to 327 months. *See id.*

Small asserts that his sentence should have been calculated entirely under the career-offender provision, or solely based on his underlying conduct. His initial criminal history without applying the career-offender provision was category V. A calculation exclusively under the career-offender provision makes the offense level 31 and the criminal history VI, resulting in a range of 188 to 235 months. A calculation based solely on underlying conduct–without a career-offender designation, offense level 34, criminal history V–produces a range of 235 to 293 months. Small concludes that the district court's range of 262 to 327 months improperly aggregated the offense level for the underlying conduct *and* the criminal history category under § 4B1.1(b), resulting in a higher sentence and denying him fundamental fairness. He claims that the career-offender provision must be applied in its entirety, or not at all.

The district court, however, properly followed § 4B1.1(b) by setting Small's criminal history at category VI and adopting the greater of the two offense levels. *See United States v. Shepard*, 462 F.3d 847, 872 (8th Cir. 2006) (a sentencing court must employ category VI in every career-offender case); *United States v. Zimmer*, 299 F.3d 710, 721 (8th Cir. 2002) (explaining that the greater of the offense levels shall apply).

III.

Small argues that the district court improperly imposed an enhancement for obstruction of justice. This court gives great deference to a district court's imposition of an obstruction-of-justice enhancement, reversing only when a district court's

factual findings are insufficient or clearly erroneous. *See United States v. Cunningham*, 593 F.3d 726, 730 (8th Cir. 2010).

Flight from a law enforcement officer that recklessly creates a substantial risk of death or serious bodily injury to other persons justifies an enhancement. **U.S.S.G § 3C1.2**. Here, Small fled the police in a car at a high rate of speed through morning rush-hour traffic. He then drew a weapon while exiting the vehicle, causing the police to open fire. Although mere flight may not justify an enhancement, Small's acts following the robbery created a substantial risk of serious bodily injury to commuters, bystanders, and law enforcement, warranting an obstruction-of-justice enhancement.

IV.

Small asserts that the district court abused its discretion by not granting a downward departure for his voluntary disclosure of the offenses. *See* **U.S.S.G. § 5K2.16**. Section 5K2.16 provides that a defendant is eligible for a downward departure if he or she voluntarily discloses to authorities the existence of an offense before its discovery and accepts responsibility for it. *Id.*

At sentencing, Small argued that his disclosures justified a downward departure. The district court disagreed, noting the severity of his offenses. This court will not upset the district court's findings on appeal. *See United States v. Utlaut*, 497 F.3d 843, 845 (8th Cir. 2007) ("[A] district court's refusal to grant a downward departure is generally unreviewable on appeal, unless the district court had an unconstitutional motive or erroneously believed that it was without authority to grant the departure."); *United States v. White*, 354 F.3d 841, 844 (8th Cir. 2004) (explaining that the denial of a downward departure is unreviewable where a court considers defendant's arguments and recognizes its authority to depart).

V.

The judgment of the district court is affirmed.

_____