# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3306

_____

United States of America

*Plaintiff - Appellee*

v.

Deiago Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 11, 2016
Filed: June 3, 2016

_____

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Deiago Davis pled guilty to criminal contempt of court in violation of 18 U.S.C. § 401(3) after refusing to testify before a grand jury. After applying four cross references in the sentencing guidelines, the district court sentenced him to 46 months imprisonment. Davis appeals, arguing that the district court improperly applied the guidelines. We vacate and remand for resentencing.

## I. Background.

On August 1, 2011 Davis was riding in the back seat of a vehicle that was stopped by law enforcement officers in Cedar Rapids, Iowa. During that process, passenger Marvin Hicks threw a loaded handgun from the front seat into the back which the officers found and later discovered had been stolen during a home burglary. Hicks was detained on charges of possession of stolen property, carrying weapons, and possession of a firearm as a felon. Davis provided a statement to the police, but was released without charges.

On October 28, 2014 Davis was called to testify before a federal grand jury which was investigating Hicks' August 1 traffic stop. Davis refused to testify and invoked his right to counsel. A second writ was issued to compel his appearance before the grand jury on November 18, 2014, but his counsel indicated he would assert his privilege against self incrimination under the Fifth Amendment. The government secured an order under 18 U.S.C. § 6002 requiring him to testify, but providing that his testimony would not later be used against him. On November 18 Davis once again refused to testify before the grand jury despite the § 6002 order.

As a result of his noncompliance with the order, Davis was indicted on one count of criminal contempt of court, 18 U.S.C. § 401(3), to which he later pled guilty. The guideline for sentencing criminal contempt requires the application of "the most analogous offense guideline." See U.S.S.G. §§ 2J1.1, 2X5.1. The parties agree that the most analogous here is the guideline for obstruction of justice, U.S.S.G. § 2J1.2. That guideline sets the base offense level at 14 but provides for the application of the accessory after the fact guideline (U.S.S.G. § 2X3.1) if the "offense involved obstructing the investigation or prosecution of a criminal offense . . . [and] if the resulting offense level is greater than that determined above." U.S.S.G. § 2J1.2(a), (c)(1). The presentence report indicated that section 2X3.1 applied to Davis' case. Under section 2X3.1, the base offense level is "6 levels lower than the offense level

for the underlying offense." The presentence report concluded that the "underlying offense" was Hicks' conviction for being a felon in possession of a firearm since Davis obstructed that prosecution.

In calculating the offense level for the underlying offense, the court must "[a]pply the base offense level plus any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant." U.S.S.G. § 2X3.1, app. note 1. Neither the presentence report nor any other documents in the record explain how Hicks' offense level was calculated, but we take judicial notice of the filings in his criminal case, United States v. Hicks, 1:14-cr-00134-LRR (N.D. Iowa). See Fed. R. Evid. 201; Insulate SB, Inc. v. Advanced Finishing Sys., Inc., 797 F.3d 538, 543 n.4 (8th Cir. 2015).

Hicks' base offense level for possessing the handgun was 20 because he had a prior felony for either a crime of violence or a controlled substance offense at the time. See U.S.S.G. § 2K2.1(a)(4)(A). The district court increased Hicks' offense level by six because of two specific offense characteristics under section 2K2.1(b). He received a two level increase because the firearm he possessed had been stolen, id. § 2K2.1(b)(4)(A), and a four level increase because he had possessed the firearm "in connection with another felony offense," namely the offense of carrying weapons under Iowa Code § 724.4(1), id. § 2K2.1(b)(6)(B). The presentence report then reported a total offense level of 26 for the underlying offense.

After the presentence report determined that the underlying offense level was 26, it calculated Davis' offense level to be 20. See U.S.S.G. § 2X3.1. Davis argued at sentencing that the presentence report improperly increased Hicks' offense level by four, claiming that an offense for carrying weapons under Iowa Code § 724.4(1) does not qualify as "another felony offense" under U.S.S.G. § 2K2.1(b)(6)(B). Davis also sought a downward variance or departure from the sentencing guidelines. The district court rejected both arguments and concluded that Davis' base offense level was 20.

The court then subtracted three levels for acceptance of responsibility and determined that Davis' guidelines range was 46 to 57 months based on his criminal history category of V.  The court sentenced him to 46 months.

Davis appeals the district court's guidelines calculation which was determined by starting with that of the underlying offense, Hicks' possession of the handgun. Davis argues that the district court erred in its calculation of the underlying base offense level and in its application of the two specific offense enhancements to the underlying offense.

## II.  Analysis.

The district court determined Davis' offense level under section 2X3.1 by subtracting six levels from "the offense level for the underlying offense."  In calculating the offense level for the underlying offense, a court applies "the base offense level plus any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant." U.S.S.G. § 2X3.1, app. note 1.  Here, the underlying offense is Hicks' conviction for being a felon in possession of a firearm.  Davis contends that the district court committed three reversible errors in calculating the offense level for that offense.

First, he argues that the district court plainly erred in finding a level 20 base offense level for the underlying offense.  Second, he argues that the district court erred in adding four levels because of a specific offense characteristic enhancement for Hicks' possession of the handgun in connection with "another felony offense" under section 2K2.1(b)(6)(B).  Third, he argues that the district court plainly erred in adding two levels because of a specific offense characteristic enhancement for the stolen handgun under section 2K2.1(b)(4)(A).

**A. The district court did not plainly err in calculating a base offense level of 20 for the underlying offense under section 2K2.1(a)(4)(A).**

Davis argues that the district court plainly erred in calculating a 20 base offense level for the underlying offense. We review this argument for plain error since it was not raised in the district court. See United States v. Jones, 574 F.3d 546, 549 (8th Cir. 2009). When reviewing for plain error, "we reverse only if there has been (1) an error, (2) that is plain, and (3) that affects substantial rights." United States v. Richardson, 537 F.3d 951, 959 (8th Cir. 2008). We will reverse "if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Puckett v. United States, 556 U.S. 129, 135 (2009) (internal quotation marks omitted) (alteration in Puckett). The application of an incorrect guideline range can be sufficient to demonstrate a showing of prejudice. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016).

Davis argues that the level 20 base offense was plain error because he had not known, nor should have known, that Hicks committed the offense after he had another felony conviction of a crime of violence or controlled substance offense. See U.S.S.G. §§ 2X3.1, 2K2.1(a)(4)(A). This argument is contrary to the plain language of section 2X3.1. Application note 1 states that the underlying offense level is calculated by applying "the base offense level plus any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant." Id. § 2X3.1, app. note 1 (emphasis added). The knowledge requirement is thus limited to the "applicable specific offense characteristics." See United States v. Booker, 186 F.3d 1004, 1007 (8th Cir. 1999). The district court therefore did not err in concluding that the base offense level for the underlying offense was 20.

-5-

**B.  The district court did not err in applying the section 2K2.1(b)(6)(B) specific offense characteristic for possession of a firearm in connection with "another felony offense" to the underlying offense.**

The district court concluded that Hicks' possession of a handgun violated Iowa Code § 724.4(1) which prohibits "knowingly carr[ying] or transport[ing] in a vehicle a pistol or revolver."  That conclusion led to a four point specific offense characteristic enhancement to the underlying offense level for possession of a firearm "in connection with another felony offense."  See U.S.S.G. § 2K2.1(b)(6)(B).  Davis argues that the district court erred by increasing the underlying offense by four levels because the Iowa offense of carrying weapons does not qualify as "another felony offense" under section 2K2.1(b)(6)(B).  Since Davis raised this issue before the district court, we review de novo the district court's application of the sentencing guidelines and its factual determinations for clear error.  United States v. Small, 599 F.3d 814, 815 (8th Cir. 2010).

Davis argues that Hicks' sentence should not have been enhanced by four levels for possession of a firearm in connection with another felony offense because his violation of Iowa Code § 724.4(1) was based on the same conduct on which his federal offense was based.  See U.S.S.G. § 2K2.1, app. note 14(C).  He contends that this punished the same conduct twice.  As Davis concedes, however, this argument is foreclosed by this court's decision in United States v. Walker, 771 F.3d 449 (8th Cir. 2014).  We explained in Walker that a violation of Iowa Code § 724.4(1) can support the application of the enhancement because a defendant does not "automatically commit the [Iowa] felony when he violate[s] 18 U.S.C. § 922(g) by possessing a firearm as a felon."  Id. at 452–53.  We therefore affirm the application of the four level section 2K2.1(b)(6)(B) specific offense characteristics enhancement to the underlying offense.

-6-

**C. The district court plainly erred in applying the section 2K2.1(b)(4)(A) specific offense characteristic for the stolen handgun to the underlying offense.**

Finally, Davis argues that the district court plainly erred by applying the two level enhancement for possessing a stolen handgun to the underlying offense. Since this is a specific offense characteristic, the knowledge requirement applies. See U.S.S.G. §§ 2K2.1(b)(4)(A), 2X3.1, app. note 1. The only evidence in the record relating to Davis' knowledge about the stolen handgun is in paragraph five of the presentence report which states: "authorities later determined that the revolver had been stolen during a home burglary." The government argues that because Davis did not object to this fact in the presentence report, it must be presumed that he knew about the stolen gun. Nevertheless, the presentence report only refers to the authorities' knowledge.

The government additionally argues that Davis should have known that the handgun was stolen because Hicks attempted to conceal it during the traffic stop. Not only is this argument speculative, but there are also alternative explanations for Hicks' desire to conceal the handgun from law enforcement. For example as a felon, Hicks is prohibited from possessing a firearm even if legally purchased. 18 U.S.C. § 922(g). Moreover, Hicks' transportation of the handgun in a vehicle violated Iowa's carrying weapons offense, Iowa Code § 724.4(1). His attempt to hide the gun does not itself prove that Davis knew, or should have known, that the gun was stolen.

Since the government did not prove that Davis knew or should have known that the handgun was stolen, the district court erred in applying the two level enhancement under U.S.S.G. § 2K2.1(b)(4)(A). Moreover, since there was no evidence in the record which would support a finding that he had such knowledge, this error was plain. Davis' base offense level thus should have been 18. With a three level reduction for acceptance of responsibility, his proper sentencing range was 37 to 46 months rather than 46 to 57. Since "the record is silent as to what the district court

might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range" is sufficient to show that the error affected Davis' substantial rights.  See Molina-Martinez, 136 S. Ct. at 1347.

The government's failure of proof on this issue may nevertheless be excusable since Davis did not raise the sentencing issue before the district court.  See United States v. Ossana, 638 F.3d 895, 904 (8th Cir. 2011).  The government should therefore have an opportunity to expand the record on the issue during the remand for resentencing.  See id.

## IV. Conclusion.

The district court plainly erred by concluding that Hicks' two level sentencing enhancement under section 2K2.1(b)(4)(A) should be applied to Davis' base offense level pursuant to section 2X3.1.  Davis' sentence is vacated, and the case remanded for resentencing consistent with this opinion.

_____