# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2523

_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Michael Christensen

*Defendant - Appellant*

_____

No. 17-2524

_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Michael Christensen

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: February 15, 2018
Filed: February 27, 2018
[Unpublished]

_____

Before GRUENDER, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Andrew Christensen directly appeals after the district court[1] revoked his supervised release in two cases and imposed two concurrent revocation sentences of 24 months in prison. His counsel has moved for leave to withdraw and has filed a brief arguing that Christensen's supervised-release violation should have been classified as a Grade C violation, rather than a Grade B violation, under Chapter 7 of the United States Sentencing Guidelines; that the revocation sentences exceed the statutory maximum; and that the revocation sentences are unreasonable.

We first conclude that the district court's classification of Christensen's violation as a Grade B escape was not error, much less plain error, *see United States v. McGhee*, 869 F.3d 703, 705 (8th Cir. 2017) (per curiam) (stating that unobjected-to procedural sentencing errors are forfeited and thus reviewed only for plain error); *United States v. Davis*, 825 F.3d 359, 363 (8th Cir. 2016) (discussing plain-error review); U.S.S.G. § 7B1.1(a)(2) (defining Grade B violation); *see also* 18 U.S.C. § 751(a) (defining crime of escape and penalties); *United States v. Goad*, 788 F.3d 873, 876 (8th Cir. 2015) (concluding that defendant's unauthorized departure from his residential reentry facility constituted an escape within the meaning of § 751).

We next conclude that the district court did not impose revocation sentences that exceeded the statutory maximum. *See United States v. Lewis*, 519 F.3d 822, 824-

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

-2-

25 (8th Cir. 2008) (holding that 18 U.S.C. § 3583(e)(3) requirement to aggregate revocation prison sentences changed with the April 30, 2003 addition of the phrase "on any such revocation"; where the original offense of conviction was committed thereafter, the plain language of § 3583(e)(3) permits sentencing without considering or aggregating the prison terms for prior revocations); *United States v. Walker*, 513 F.3d 891, 893 (8th Cir. 2008) (reviewing legality of sentence *de novo*).

Finally, we conclude that the revocation sentences are not unreasonable. *See United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009) (applying a presumption of substantive reasonableness to revocation sentence within the guidelines range); *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008) (reviewing revocation sentence for an abuse of discretion).

In each case, we affirm the judgment, and we grant counsel's motion to withdraw.

_____