# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1127

_____

United States of America

*Plaintiff - Appellee*

v.

Deiago Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 14, 2018
Filed: July 10, 2018
[Unpublished]

_____

Before BENTON, KELLY, and STRAS, Circuit Judges.[1]

_____

PER CURIAM.

This case returns to us after resentencing. In the previous appeal, we determined that the government had failed to prove facts sufficient to enhance Deiago

[1]This opinion is filed by Judge Benton and Judge Stras pursuant to 8th Cir. Rule 47E.

Davis's sentence under USSG § 2K2.1(b)(4)(A). United States v. Davis, 825 F.3d 359, 365 (8th Cir. 2016). On remand, the government chose not to present additional evidence to support the enhancement, but the district court[2] imposed the same 46-month sentence. Davis appeals.

With the enhancement, Davis's Guidelines range was 46 to 57 months; without it, his range was 37 to 46 months. Davis argues that the district court gave too little consideration to the fact that his Guidelines range was lower on remand, and thus abused its discretion by imposing a top-of-the-range sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review). At resentencing, the district court adopted the uncontested Guidelines range, and then provided a detailed explanation for its sentencing decision. The court cited Davis's criminal record, which is extensive despite his youth, and explained that Davis's underlying conviction for criminal contempt evinced a disrespect for the law. The court also expressed the view that Davis was at a high risk to reoffend. We conclude that the district court did not abuse its discretion in weighing the 18 U.S.C. § 3553(a) sentencing factors.

We affirm.

_____

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.