# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2424

_____

Jeffrey Russo,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 17, 2018
Filed: September 6, 2018

_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jeffrey Russo sought post-conviction relief in the district court[1] on the ground that his sentence was imposed in violation of the Constitution. Russo was sentenced under the United States Sentencing Guidelines when they were mandatory. He

_____

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

asserts that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court violated his rights under the Due Process Clause by sentencing him as a career offender based on the residual clause of USSG § 4B1.2(a)(2). The district court dismissed Russo's claim as untimely on the view that *Johnson* did not recognize the right that Russo asserts, and that Russo thus could not benefit from the limitations period in 28 U.S.C. § 2255(f)(3). Russo appeals, and we affirm.

I.

In 2004, Russo pleaded guilty to various drug and firearm offenses. The parties agree that the court sentenced Russo as a career offender under USSG § 4B1.1, with a guideline range of 646 to 711 months' imprisonment. The court arrived at a guideline sentence of 646 months and then reduced the term to 235 months for reasons unrelated to his career-offender status. Russo argues that if the court had not sentenced him as a career offender, then the guideline range would have been lower, and his final sentence would have been shorter.

After Russo was sentenced, the Supreme Court declared the sentencing guidelines effectively advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005). In 2015, the Court in *Johnson* announced a new rule of constitutional law by declaring unconstitutionally vague the so-called "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2563.

Within one year of *Johnson*, Russo moved to vacate his sentence under 28 U.S.C. § 2255. Russo asserted that the district court relied on the residual clause of USSG § 4B1.2(a)(2) to conclude that he was a career offender under the guidelines. Russo argued that the residual clause in § 4B1.2(a)(2) was unconstitutionally vague because it was almost identical to the ACCA's residual clause held unconstitutional in *Johnson*. Thus, Russo urged, the court should vacate his sentence because it was

calculated based on an unconstitutionally vague provision in the mandatory guidelines.

After Russo filed his motion, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). In *Beckles v. United States*, 137 S. Ct. 886 (2017), however, the Court ruled that the residual clause of § 4B1.2(a)(2) in the post-*Booker* advisory guidelines is not subject to a vagueness challenge. *Id.* at 890. Following these decisions, Russo argued that *Johnson* supported his claim because the mandatory guidelines "fix" a defendant's sentence like the statute in *Johnson*, and that the advisory guidelines at issue in *Beckles* are distinguishable because of their flexibility.

The district court dismissed Russo's motion as untimely. The court reasoned that Russo's motion was timely only if he filed it within one year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The court concluded that Russo's claimed right to be sentenced without reference to the residual clause of the mandatory guidelines required "an extension, not an application, of the rule announced in *Johnson*." The court therefore ruled that the Supreme Court had not recognized the right that Russo asserted, and that his motion was untimely. We review the district court's determination *de novo*. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).

II.

28 U.S.C. § 2255 provides that a federal prisoner "may move the court which imposed [his] sentence to vacate, set aside or correct the sentence" if the sentence "was imposed in violation of the Constitution or laws of the United States." *Id.* § 2255(a). A prisoner typically must file a motion under § 2255 within one year of the date on which the judgment of conviction becomes final. *Id.* § 2255(f)(1). He may file at a later date, however, if the motion comes within one year of "the date on

which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). Russo filed his motion more than ten years after his conviction became final, but he contends that his motion is timely under § 2255(f)(3) because he filed it within one year of *Johnson*.

Russo asserts a right under the Due Process Clause to be sentenced without reference to the residual clause of § 4B1.2(a)(2) under the mandatory guidelines. Whether *Johnson* restarted the one-year limitations period turns on whether *Johnson* "newly recognized" this asserted right. As we have explained, the inquiry into whether a right is "newly recognized" under § 2255(f)(3) tracks the analysis used to determine "whether the Supreme Court announced a 'new rule' within the meaning of the Court's jurisprudence governing retroactivity for cases on collateral review." *Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016); *see Teague v. Lane*, 489 U.S. 288, 301 (1989) (plurality opinion). Thus, the timeliness of Russo's claim depends on whether he is asserting the right initially recognized in *Johnson* or whether he is asserting a different right that would require the creation of a second new rule. *See Donnell v. United States*, 826 F.3d 1014, 1017 (8th Cir. 2016). If *Johnson* merely "serves as a predicate for urging adoption of another new rule that would recognize the right asserted by" Russo, then he cannot benefit from the limitations period under § 2255(f)(3). *Id.*

"[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301. A rule is not dictated by existing precedent "unless it would have been 'apparent to all reasonable jurists.'" *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)). In other words, if the result sought is "susceptible to debate among reasonable minds," then the movant seeks declaration of a new rule. *Butler v. McKellar*, 494 U.S. 407, 415 (1990).

Russo's asserted right is not dictated by *Johnson*. It is reasonably debatable whether *Johnson*'s holding regarding the ACCA extends to the former mandatory guidelines. When the guidelines were still mandatory, this court held that "the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990). One circuit has adhered to this view after *Johnson*. *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016). *Johnson* did not address the sentencing guidelines, and *Beckles* rejected a vagueness challenge to the advisory guidelines. Both decisions recognized that vagueness principles apply to "statutes fixing sentences," *Johnson*, 135 S. Ct. at 2557; *Beckles*, 137 S. Ct. at 892, but neither addressed possible distinctions between a provision that establishes a statutory penalty and a mandatory guideline provision that affects sentences within a statutory range, subject to authorized departures. *Cf. Beckles*, 137 S. Ct. at 894 ("If a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided discretion could be.")

The better view is that *Beckles* "leaves open the question" whether the mandatory guidelines are susceptible to vagueness challenges. 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in the judgment); *see also United States v. Ellis*, 815 F.3d 419, 421 (8th Cir. 2016). Because the question remains open, and the answer is reasonably debatable, *Johnson* did not recognize the right asserted by Russo. Russo thus cannot benefit from the limitations period in § 2255(f)(3), and the district court correctly dismissed his motion as untimely. *Accord United States v. Green*, No. 17-2906, 2018 WL 3717064, at *5 (3d Cir. Aug. 6, 2018); *United States v. Greer*, 881 F.3d 1241, 1247 (10th Cir. 2018); *United States v. Brown*, 868 F.3d 297, 299 n.1, 301-03 (4th Cir. 2017); *Raybon v. United States*, 867 F.3d 625, 629-31 (6th Cir. 2017).

Only the Seventh Circuit has concluded that *Johnson* restarts the limitations period for a prisoner raising a vagueness challenge to the residual clause in the

mandatory guidelines. *See Cross v. United States*, 892 F.3d 288, 293-94 (7th Cir. 2018). That court thought the contrary view reads the term "asserted" out of the statute and "improperly reads a merits analysis into the limitations period." *Id.* The term "asserted," however, is essential to our analysis, because we must identify the "right asserted" by the prisoner before we can determine whether that same right has been recognized by the Supreme Court. We conclude that *Johnson* did not recognize the right asserted, but we do not resolve the merits of Russo's constitutional claim that a sentence based on a residual clause in the mandatory guidelines violates the Due Process Clause. Insofar as determining whether Russo's proposed rule is dictated by *Johnson* or open to reasonable debate involves some consideration of the merits, the inquiry is required by § 2255(f)(3) and not improper.

\* \* \*

The judgment of the district court is affirmed.

_____