# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3102
_____

Russell Peden

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: November 16, 2018
Filed: January 31, 2019
[Published]
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

In 2002, Russell Peden pleaded guilty to one count of possession with intent to distribute 50 grams or more of cocaine base. At sentencing, the district court classified him as a career offender under United States Sentencing Guidelines § 4B1.1 based in part on a previous conviction for California burglary, which the district court determined qualified as a predicate "crime of violence" under the

Guidelines.  The district court sentenced Peden to 262 months' imprisonment.  In June 2016, he moved to correct his sentence under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015), but the district court[1] denied the motion as untimely.

"We review de novo the district court's decision to dismiss [Peden's] § 2255 motion[] based on the statute of limitations."  E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006).  Motions under § 2255 are subject to a one-year limitations period.  As relevant here, that period runs from the latest of "the date on which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(1), (3).

Peden argues that his motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in Johnson, which he claims recognized the right he asserts here.  According to Peden, in addition to striking down the residual clause of the Armed Career Criminal Act, Johnson also effectively invalidated the residual clause of the mandatory Guidelines that were in effect at the time of his sentencing.

Our recent decision in Russo v. United States, 902 F.3d 880 (8th Cir. 2018), forecloses Peden's contentions.  His instant motion is untimely because, as we explained in Russo, Johnson did not "newly recognize[]" the right Peden asserts—"a right under the Due Process Clause to be sentenced without reference to the residual clause of § 4B1.2(a)(2) under the mandatory guidelines."  902 F.3d at 882.  Accordingly, the judgment of the district court is affirmed.

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

-2-