# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-3638

———————————————

Jose Alberto Mora-Higuera

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

———————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

———————

Submitted: October 19, 2018
Filed: January 31, 2019
[Published]

———————

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

———————

PER CURIAM.

In 2000, Jose Alberto Mora-Higuera pleaded guilty to four counts related to methamphetamine and cocaine distribution and one count of unlawful reentry after removal. The district court classified Mora-Higuera as a career offender under United States Sentencing Guidelines § 4B1.1 and sentenced him to 292 months' imprisonment. As relevant here, the district court determined that one of Mora-Higuera's

convictions—California second-degree robbery—qualified as a predicate "crime of violence" under § 4B1.2 of the Guidelines. We affirmed Mora-Higuera's sentence on appeal. See United States v. Mora-Higuera, 269 F.3d 905, 912–13 (8th Cir. 2001).[1] In June 2016, he moved to correct his sentence under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015), but the district court[2] denied his motion as untimely.

We review de novo the district court's dismissal of a § 2255 motion based on the statute of limitations. E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006). Motions under § 2255 are subject to a one-year limitations period. See 28 U.S.C. § 2255(f). In practice, this usually means that a prisoner must file a motion within one year of "the date on which the judgment of conviction becomes final." § 2255(f)(1). "He may file at a later date, however, if the motion comes within one year of 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

---

[1]The district court subsequently reduced Mora-Higuera's sentence to 262 months' imprisonment based on Amendment 782 to the Guidelines. See 18 U.S.C. § 3582(c)(2). Mora-Higuera qualified for a reduction because the drug quantity table of § 2D1.1, rather than his career-offender status, set his original total offense level. See United States v. Small, 599 F.3d 814, 815 (8th Cir. 2010) ("The career-offender provision requires that the total offense level be the greater of the offense level in § 4B1.1(b), or the offense level otherwise applicable under Chapters Two and Three of the guidelines based on the underlying conduct."); see also United States v. Thomas, 775 F.3d 982, 982–83 (8th Cir. 2014) (per curiam) (explaining that Amendment 782 is applicable if the offense level is calculated under § 2D1.1, but inapplicable if it is based on career-offender status). After Amendment 782, however, both Mora-Higuera's total offense level and his criminal history category were driven by his career-offender status.

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

retroactively applicable to cases on collateral review.'" Russo v. United States, 902 F.3d 880, 882 (8th Cir. 2018) (quoting 28 U.S.C. § 2255(f)(3)).

Mora-Higuera argues that his motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in Johnson, which invalidated the residual clause of the Armed Career Criminal Act. Mora-Higuera argues that Johnson also effectively invalidated the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines that were in effect at the time of his original sentencing.

Mora-Higuera's arguments are foreclosed by Russo. In that case, we held that the right Mora-Higuera asserts here—"a right under the Due Process Clause to be sentenced without reference to the residual clause of § 4B1.2(a)(2) under the mandatory guidelines"—was "not dictated by *Johnson*." 902 F.3d at 882–83. To the contrary, we reasoned, "[i]t is reasonably debatable whether *Johnson*'s holding regarding the ACCA extends to the former mandatory guidelines," and, accordingly, the petitioner in that case could not benefit from a renewed limitations period under § 2255(f)(3). Id. at 883. So too here.

The judgment of the district court is affirmed.

_____