# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3609
_____

Kirk Lurton Grummitt

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

No. 17-3622
_____

Jeremy Phelps

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

No. 17-3625
_____

Kurt Alan Campbell

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

No. 17-3628

_____

Edward Lee Williams

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeals from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 17, 2019
Filed: February 8, 2019
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kirk Lurton Grummitt, Jeremy Phelps, Kurt Alan Campbell, and Edward Lee Williams (collectively, defendants) argue that they were sentenced as career offenders based on the residual clause of § 4B1.2(a)(2) of the U.S. Sentencing Guidelines (Guidelines) when the Guidelines were mandatory. In 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015), which established the new rule that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. Thereafter, the defendants moved to vacate, set aside, or correct their sentences under 28 U.S.C. § 2255, each arguing that Johnson applied to the almost-identical language of § 4B1.2(a)(2). The district court[1] concluded that Johnson did not apply, rendering the motions untimely.

We review *de novo* the denial of a § 2255 motion as untimely. Russo v. United States, 902 F.3d 880, 882 (8th Cir. 2018), *petition for cert. filed*, (U.S. Jan. 17, 2019) (No. 18-7538). "[T]he timeliness of [a movant's] claim depends on whether he is asserting the right initially recognized in Johnson or whether he is asserting a different right that would require the creation of a second new rule." Id. at 883. "[I]f the result sought is 'susceptible to debate among reasonable minds,' then the movant seeks declaration of a [second] new rule," and his motion is untimely. Id. (quoting Butler v. McKellar, 494 U.S. 407, 415 (1990)).

The defendants' argument is foreclosed by our decision in Russo, in which the movant argued that his mandatory sentence based on the residual clause of § 4B1.2(a)(2) was unconstitutional in light of Johnson. Id. at 882. In upholding the dismissal of the § 2255 motion, we explained that the Supreme Court had recently rejected a vagueness challenge to the advisory Guidelines in Beckles v. United States, 137 S. Ct. 886 (2017), but that "Beckles 'leaves open the question' whether the

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, presided over the motions of Grummitt and Phelps. The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, presided over the motions of Campbell and Williams.

mandatory guidelines are susceptible to vagueness challenges" wherein the answer is reasonably debatable. Russo, 902 F.3d at 883 (quoting Beckles, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in the judgment)). We thus determined that Russo's § 2255 motion was untimely because he was attempting to assert a right not initially recognized in Johnson. Id. at 883. For those same reasons, we affirm the district court's conclusion that the defendants' motions were untimely filed. See Mora-Higuera v. United States, No. 17-3638, slip op. at 3 (8th Cir. 2019) (citing Russo, 902 F.3d at 882-83).

The judgments are affirmed.

_____