# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2542

_____

Christopher L. Warren

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 24, 2019
Filed: November 15, 2019
[Unpublished]

_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

In 2002, Christopher Warren pleaded guilty to conspiracy to distribute and manufacture methamphetamine. We vacated his initial sentence based on a misapplication of the Guidelines. See United States v. Warren, 361 F.3d 1055, 1057 (8th Cir. 2004). At resentencing, he qualified as a career offender under the then-

mandatory Guidelines' residual clause and the district court[1] sentenced him to 274 months in prison. In 2016, Warren moved to correct his sentence under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act unconstitutional. Id. at 2563. The district court denied the motion as untimely and Warren appeals.

"We review de novo the district court's decision to dismiss [Warren's] § 2255 motion[] based on the statute of limitations." E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006). A § 2255 motion is timely if brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Warren argues his motion is timely because he filed within one year of the Supreme Court's decision in Johnson. See Welch v. United States, 136 S. Ct. 1257, 1261 (2016) (applying Johnson retroactively on collateral review). He claims that because the residual clause of the ACCA mirrors the residual clause applied to him, Johnson recognized a new right applicable to his case.

Our recent decisions in Russo v. United States, 902 F.3d 880 (8th Cir. 2018), cert. denied, 139 S. Ct. 1297 (2019) and Peden v. United States, 914 F.3d 1151 (8th Cir. 2019) (per curiam) foreclose this argument. As we explained in Russo, "Johnson did not address the sentencing guidelines" and therefore "did not recognize the right asserted" by Warren. 902 F.3d at 883–84. His motion is therefore untimely. The judgment of the district court is affirmed.

————————————————

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.