# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3757

_____

Daniel L. Lopez

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: December 9, 2019
Filed: March 30, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Daniel Lopez pleaded guilty to drug and firearm offenses in 1997 and was sentenced as a career offender to 360 months in prison. See USSG § 4B1.1. Lopez appealed and we affirmed. United States v. Lopez, No. 97-2439, 1998 WL 279357 (8th Cir. June 2, 1998). In June 2016, he moved to correct his sentence under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015). Lopez

appeals the district court's[1] denial of the motion as untimely, an issue we review *de novo*. E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006).

A § 2255 motion is timely if brought within one year of the date on which the judgment of conviction becomes final. § 2255(f)(1). But if the movant asserts a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court." § 2255(f)(3).

In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act as unconstitutionally vague. 135 S. Ct. at 2556-57, 2563. Lopez filed his § 2255 motion within one year of Johnson. The Court made Johnson retroactive to cases on collateral review in Welch v. United States, 136 S. Ct. 1257, 1265, 1268 (2016). But in Beckles v. United States, 137 S. Ct. 886, 892, 895 (2017), the Court held that the parallel residual clause in the career offender provisions of the advisory guidelines was not unconstitutionally vague. In a concurring opinion, Justice Sotomayor said it should be considered an open question whether the career offender residual clause in the *mandatory* guidelines is susceptible to a vagueness challenge under Johnson. Id. at 903 n.4 (Sotomayor, J., concurring in the judgment). Lopez was sentenced before the Sentencing Guidelines were made advisory in United States v. Booker, 543 U.S. 220, 246 (2005). Based on this distinction, he argues that he is entitled to relief because Johnson effectively invalidated the career offender provision under which he was sentenced, and therefore his motion to correct his sentence was timely-filed under § 2255(f)(3).

This argument is foreclosed by our recent decision in Russo v. United States, 902 F.3d 880 (8th Cir. 2018), cert. denied, 139 S. Ct. 1297 (2019). In Russo, we held

---

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

that the right Lopez asserts -- "a right under the Due Process Clause to be sentenced without reference to the residual clause of § 4B1.2(a)(2) under the mandatory guidelines" -- is "not dictated by Johnson." Id. at 882-83. As Johnson left open and debatable whether its vagueness analysis applies to the career offender provisions of the mandatory guidelines, Lopez is not asserting a right newly recognized and made retroactive by the Supreme Court and therefore cannot benefit from the limitations period in § 2255(f)(3). We have since affirmed denials of other § 2255 motions as untimely under Russo. See Peden v. United States, 914 F.3d 1151 (8th Cir. 2019); Mora-Higuera v. United States, 914 F.3d 1152 (8th Cir. 2019).

Lopez argues that Russo was wrongly decided and urges us to follow contrary decisions of the Seventh Circuit. See D'Antoni v. United States, 916 F.3d 658 (7th Cir. 2019); Cross v. United States, 892 F.3d 288 (7th Cir. 2018). Russo expressly acknowledged the Seventh Circuit's contrary view and explained why its reasoning was not persuasive. Russo, 902 F.3d at 883-84. Even if we disagreed with Russo, we are not free to avoid its clear holding. "It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002), cert. denied, 534 U.S. 1121 (2002). Lopez may of course argue that Russo was wrongly decided in a petition for rehearing en banc to our court, or in a petition to the Supreme Court for a writ of certiorari to resolve a conflict in the circuits. See United States v. London, 937 F.3d 502, 508 (5th Cir. 2019), cert. denied, --- S. Ct. --- (2020) (collecting cases).

The judgment of the district court is affirmed.

_____