# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3015
_____

United States of America

*Plaintiff - Appellee*

v.

James Lamar Killian

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: April 15, 2020
Filed: May 11, 2020
[Unpublished]
_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

James Killian pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] imposed a 30-month sentence.

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

Killian challenges the procedural and substantive reasonableness of his sentence. We affirm.

On July 3, 2018, Killian was found in possession of a 9mm pistol after law enforcement received a complaint from his estranged wife, Erika Brown. Several days earlier, Brown had obtained an order of protection against Killian. Brown told the officers that Killian shot at her while she was driving away from her home. Killian admitted to possession of the gun, but he denied shooting it.

Killian objected to the Presentence Investigation Report's ("PSIR") inclusion of a four-level increase under U.S.S.G. §2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense. At sentencing, Little Rock Police Detective Stephanie Morrison testified about the audio-recorded statement she took from Brown after the incident. Brown told Detective Morrison that she encountered Killian on the date of the offense. Killian was angry and drove toward Brown's vehicle while she was driving her own car in a direction away from her home. Shortly thereafter, Brown observed a bullet hole in the rear passenger side of her vehicle. One of the passengers in Brown's car heard a gunshot, but Brown did not see Killian with a gun or hear a gunshot.

The district court sustained Killian's objection, finding the evidence insufficient to support the four-level increase. The resulting guidelines range was 15 to 21 months. The court, after considering the 18 U.S.C. § 3553(a) factors, specifically Killian's history of domestic violence, varied upward and imposed a sentence of 30 months. Killian asserts procedural error when the district court imposed a sentence based on prior arrests that did not result in criminal convictions, and by applying an incorrect burden of proof.

We review the district court's guideline calculations *de novo* and factual determinations for clear error. United States v. Small, 599 F.3d 814, 815 (8th Cir.

2010). The district court may consider information about prior arrests for purposes of an upward variance, particularly where the PSIR recites sufficient facts about the prior incidents. United States v. Boyd, __ F.3d __, 2020 WL 1898828 (8th Cir. Apr. 17, 2019); see also United States v. White, 840 F.3d 550, 553 (8th Cir. 2016). Absent an objection by Killian, fact statements in the PSIR are adequate to support a finding that the dismissed charges were properly proved. United States v. Schiradelly, 617 F.3d 979, 984 (8th Cir. 2010).

Killian's record includes prior convictions for offenses including domestic battery and residential burglary, as well as additional arrests for violations of protective orders, among other crimes. The facts underlying each incident were set forth in the PSIR and appropriately considered by the district court. The court did not err by evaluating Killian's entire criminal record to determine the appropriate sentence.

Killian also argues his sentence is substantively unreasonable. We consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "[I]t will be the unusual case when we reverse a district court sentence-whether within, above, or below the applicable Guidelines range-as substantively unreasonable." Id. at 464 (quotation omitted). We find nothing unusual about this case. As described above, the district court considered the § 3553(a) factors and determined that Killian's history and characteristics warranted an upward variance from 21 months to 30 months. "Simply because the district court weighed the relevant factors more heavily than [Killian] would prefer does not mean the district court abused its discretion." United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011).

The judgment of the district court is affirmed.

_____