**UNITED STATES of America**

v.

**Terrence McKINLEY a/k/a Terrance McKinley, Appellant.**

**UNITED STATES of America**

v.

**Raymond A. WASHINGTON, Appellant.**

**Nos. 71–1861, 72–1143, 71–1862 and 71–1987.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 12, 1973.

Decided Sept. 10, 1973.

Before LEVENTHAL and ROBB, Circuit Judges, and JAMESON,* Senior District Judge for the District of Montana.

LEVENTHAL, Circuit Judge:

Each of the appellants was convicted on July 30, 1971, of three counts of armed robbery and three counts of assault with a deadly weapon, and given concurrent sentences of substantial prison terms.

 1. We find no merit in appellants' contention that the admission into evidence of a sawed-off shotgun seized at the time of arrest was error. Sometimes introduction of certain types of evidence is too prejudicial to the defendant to be allowable. Here, however, there was evidence as to the resemblance between the exhibit, and the gun used at the scene of the offense for which appellants were convicted. The trial judge commented that the gun could not be introduced as the gun used in the crime, and that this would be for the jury to determine. We think there was enough probative purpose to sustain the ruling of the trial court.

 2. Appellants challenge a pre-indictment photographic identification. Under United States v. Ash,[1] no Sixth Amendment right to counsel was violated. Nor can we say, on the record before us, that the District Court erred in holding that the technique used was not so "impermissibly suggestive" as to depart from the standards of Simmons v. United States,[2] or otherwise violate due process.

3. A more difficult question is raised by appellants' contention that the admission into evidence of the court-ordered lineup forms which instructed each defendant not "to alter his or their facial or bodily appearance prior to the time of the lineup" was prejudicial to the defendants and irrelevant because the gov-

James B. Blinkoff, Washington, D. C. (appointed by this Court), for appellants.

David M. Bullock, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

---

* Sitting by designation pursuant to 28 U.S. C. § 294(d).

1. 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973).

2. 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

ernment presented no evidence to show that the defendants actually received notice of the order at any time.

■ Obviously, the testimony that defendants changed their appearance was admissible. It provided the basis for a jury inference that the reason that neither Miss Rogers nor Miss Smith could identify the defendants in court was that they had altered their appearance.

■ Another inference available from a change in appearance by someone who has been called to appear in a lineup is, simply, that the change reflects an awareness of guilt and fear of identification. People v. Slutts, 259 Cal.App.2d 886, 66 Cal.Rptr. 862 (1968). Certainly the fact that appellants had been ordered to appear in a lineup was patently relevant, and this was part of the information in the court order. In one sense, the provision instructing the defendant not to change his appearance can be taken as codifying what one would reasonably suppose implicit in the order to appear in a lineup. It does raise problems, however, in that the jury might reason that since the defendant has violated the law (violating a court order in alteration of appearance) in one respect he is likely to have violated the law defining the offense charged in the indictment. This is an inference the law does not lightly permit, except as to certain defined categories. *See* Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964). On the other hand, the court order was a means of indicating that the defendant had been expressly advised of an instruction (not to change appearance) which would otherwise have to remain in the domain of inference or speculation as to the person's understanding.

■ Under the settled presumption of regularity "it is presumed, unless the contrary appears, that judicial acts and duties have been duly and regularly performed," and this presumption attaches

to judges, courts and their officers.[3] This presumption, like the presumption attaching to other official acts, will only be overcome by clear evidence to the contrary. United States v. Chemical Foundation, 272 U.S. 1, 14, 47 S.Ct. 1, 71 L.Ed. 131 (1926). We think the prosecutor was entitled to proceed on the presumption that court orders are in fact served on the persons governed, without adducing proof of such service, in the absence of testimony that the order was not served or that the defendants had not been informed of the provisions of the order.

■ In view of the possibility that a better-grounded objection might be made in another case, we caution magistrates and trial judges engaged in issuing *Adams*[4] lineup orders that it would be appropriate to review the procedures for service, and to assure, by forms and instructions, that defense counsel are informed of their obligation to advise their clients of the pertinent provisions of the order.

4. Appellant McKinley argues that the trial court's basis for declining to sentence him under the Youth Corrections Act is insufficient in law. The approach he urges is similar to that followed in the panel opinion in Tillman v. United States, No. 71–1352 issued June 6, 1973. By en banc order dated August 10, 1973 that *Tillman* opinion has been vacated, and *Tillman* has been set for consideration en banc along with U. S. v. Harris, No. 71–1826. In the circumstances, we think it appropriate to defer our determination of this contention by appellant McKinley pending the en banc consideration.

\* \* \*

■ The convictions for assault with a dangerous weapon, 22 D.C.Code § 502, must be reversed since that is a lesser included offense, within robbery,

---

3. 29 Am.Jur.2d, Evidence § 170 (1967).

4. This is a reference to this court's decision in United States v. Allen, 133 U.S.App.D.C.

84, 408 F.2d 1287 (1969), approved in Williams v. United States, 136 U.S.App.D.C. 158, 161, 419 F.2d 740, 743 (en banc 1969).

while armed, 22 D.C.Code § 2901, § 3202 (Supp. V, 1972).[5]

As to appellant Washington, we vacate the assault sentences, affirm the conviction and the sentence for each of the robbery while armed offenses, which are of greater length than, and concurrent with, the assault sentences we vacate. As to appellant McKinley, we affirm the convictions for robbery while armed, but defer remand to the District Court, for entry of new sentences, pending en banc consideration in other pending cases and further order of this court.

So ordered.

---

5. United States v. Johnson, 155 U.S.App.D.C. 28, 475 F.2d 1297 (1973).