# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 17, 2019        Decided January 7, 2020

No. 18-3053

UNITED STATES OF AMERICA,
APPELLEE

v.

BRIAN ERIC CARR,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:02-cr-00106-1)

*A.J. Kramer*, Federal Public Defender, argued the cause and filed the briefs for appellant.

*Elizabeth Gabriel*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jessie K. Liu*, U.S. Attorney, and *Elizabeth Trosman* and *Suzanne Grealy Curt*, Assistant U.S. Attorneys.

Before: HENDERSON and RAO, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* RAO.

RAO, *Circuit Judge*: After Brian Carr was convicted under the federal bank robbery statute, *see* 18 U.S.C. § 2113(a), the district court elevated his sentencing range on the grounds that he was a "career offender." *See* U.S. Sentencing Guidelines Manual § 4B1.1 (2002). To reach that conclusion, the judge found that two prior convictions under the same bank robbery statute were "crime[s] of violence" under the Guidelines. *See id.* § 4B1.2(a). At the time, the Guidelines' definition of a crime of violence was nearly identical to the definition of "violent felony" under the Armed Career Criminal Act (ACCA). *See* 18 U.S.C. § 924(e)(2)(B). While Carr was serving his sentence, the Supreme Court struck down one part of ACCA's definition of a violent felony—a provision commonly known as the residual clause. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). Carr filed a motion under 28 U.S.C. § 2255 to vacate or correct his sentence, arguing that the Guidelines' identical residual clause is also unconstitutional.

We need not reach Carr's constitutional objection, because in 2003, when Carr was sentenced, a prior conviction could be a crime of violence under either the residual clause or the Guidelines' independent elements clause, which defines a crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force." *See* U.S.S.G. § 4B1.2(a)(1). The federal bank robbery statute requires proof that a defendant took property "by force and violence, or by intimidation." *See* 18 U.S.C. § 2113(a). To satisfy this requirement, the defendant must have at least knowingly threatened someone with physical force (or have attempted to do so), which squarely places the offense within the Guidelines' elements clause. We therefore affirm the district court's holding that Carr's prior bank robbery convictions were crimes of violence and affirm the denial of Carr's motion for post-conviction relief.

3

I.

In 2002, Carr walked into a bank in downtown Washington, D.C., and gave the teller a note demanding money. *United States v. Carr*, 373 F.3d 1350, 1352 (D.C. Cir. 2004). The police arrested him at the scene of the crime and later linked him to four other robberies. *Id.* Carr was then indicted and convicted of five counts of bank robbery under Section 2113(a). During sentencing, the judge found that two prior convictions under the same statute each counted as a crime of violence. Those two prior convictions for crimes of violence made Carr a career offender, U.S.S.G. § 4B1.1, which significantly elevated his sentencing range. At the time of Carr's sentencing, the Guidelines defined a crime of violence in part as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). This provision includes two distinct definitions that are relevant here. Subsection (1) of this definition is the elements clause. The second half of Subsection (2)—"or otherwise involves conduct that presents a serious potential risk of physical injury to another"—was the residual

clause.[1] When Carr was sentenced, however, the judge did not specify whether he relied on the Guidelines' residual clause or the elements clause in finding that the prior bank robbery convictions were crimes of violence.[2]

Without the career offender enhancement, Carr would have had a Guidelines range of 140 to 175 months. After the enhancement, Carr's Guidelines range was 210 to 262 months. Carr appealed, and this court affirmed. *See Carr*, 373 F.3d 1350. In 2005, Carr brought his first motion to vacate his sentence under Section 2255. *See* Memorandum, *United States v. Carr* (D.D.C. Feb. 21, 2006) (No. 02-106). He raised several ineffective assistance of counsel claims, none of which were successful. *Id.*

While Carr was serving his sentence, the Supreme Court decided *Johnson,* which held the residual clause of ACCA's definition of a violent felony was void for vagueness in violation of the Due Process Clause. 135 S. Ct. 2551. The residual clause held unconstitutional in *Johnson* exactly mirrors the residual clause defining a crime of violence in the Sentencing Guidelines. *See In re Sealed Case*, 548 F.3d 1085,

---

[1] The Sentencing Commission removed the residual clause's definition of a crime of violence after *Johnson* held that ACCA's identical residual clause was unconstitutional. *See* U.S. Sentencing Commission: Supplement to the 2015 Guidelines Manual at 7, 10 (Aug. 1, 2016).

[2] This was a common practice before the Supreme Court's ruling in *Johnson*. *See United States v. Booker*, 240 F. Supp. 3d 164, 168 (D.D.C. 2017) ("[T]here was no practical reason for judges to make this distinction at sentencing prior to June 26, 2015, when the Supreme Court decided that the residual clause was void for vagueness.").

1089 (D.C. Cir. 2008) (explaining that "we apply the ACCA standard to determine whether an offense qualifies as a crime of violence under section 4B1.2").

Carr sought leave to file a second Section 2255 motion, arguing that the residual clause that was once part of the Guidelines' definition of a crime of violence was unconstitutionally vague under the reasoning of *Johnson*. This court gave Carr permission to file the second motion because he had "made a prima facie showing that his claim relies on a new, previously unavailable rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." The district court below denied Carr's second Section 2255 motion because, regardless of whether the residual clause was unconstitutional, his prior convictions for bank robbery were crimes of violence under the elements clause of the Sentencing Guidelines. *United States v. Carr*, 314 F. Supp. 3d 272, 283 (D.D.C. 2018).[3]

---

[3] Because we hold that Carr's convictions were crimes of violence under the Guidelines' elements clause, we do not address whether the Guidelines' residual clause was unconstitutional under *Johnson* or whether defendants can bring such a challenge under Section 2255. We note the Supreme Court has left open the question of whether a defendant who was sentenced under the Guidelines' residual clause when it was mandatory can now bring a successful motion under Section 2255. *See Beckles v. United States*, 137 S. Ct. 886, 896 (2017) ("We hold only that the advisory Sentencing Guidelines … are not subject to a challenge under the void-for-vagueness doctrine."). The circuits have split over this same question. *Compare Cross v. United States,* 892 F.3d 288, 307 (7th Cir. 2018) (granting a Section 2255 motion in light of *Johnson*), *with United States v. London*, 937 F.3d 502, 509 (5th Cir. 2019) (holding that such motions are untimely); *Russo v. United States*, 902 F.3d 880, 882–84 (8th Cir. 2018) (same); *United States v. Green*, 898 F.3d 315, 317–23 (3d Cir. 2018) (same); *United States v. Brown*, 868 F.3d

6

II.

We review the denial of a Section 2255 motion to vacate a sentence de novo. *United States v. Palmer*, 296 F.3d 1135, 1141 (D.C. Cir. 2002). Carr's motion challenges his sentence on the grounds that the residual clause's definition of a crime of violence was unconstitutional. On appeal, Carr focuses almost exclusively on disputing the district court's conclusion that bank robbery constitutes a crime of violence under the elements clause, whether or not the residual clause was unconstitutional. Because the sentencing court did not specify whether Carr's convictions were crimes of violence under the residual clause or the elements clause, we may uphold his designation as a career offender if his prior bank robbery convictions meet either definition. Therefore, we need not reach Carr's constitutional objection to the residual clause if bank robbery under Section 2113(a) fits within the elements clause's definition of a crime of violence.

Thus, we start with the question of whether bank robbery "has as an element the use, attempted use, or threatened use of physical force." U.S.S.G. § 4B1.2(a)(1). To answer that question we apply the "categorical approach," *United States v. Brown*, 892 F.3d 385, 402 (D.C. Cir. 2018), which means that we view the crime "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141 (2008). More specifically, we must ask whether "the least of th[e] acts criminalized … are

297, 301 (4th Cir. 2017) (same); *Raybon v. United States*, 867 F.3d 625, 630 (6th Cir. 2017) (same); *United States v. Pullen*, 913 F.3d 1270, 1280–85 (10th Cir. 2019) (holding that a similar request constituted an impermissible second Section 2255 motion); *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) (same).

encompassed by the generic federal offense." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quotation marks omitted). We look "only to the elements of the crime to determine whether, by its terms, commission of the crime inherently (i.e., categorically) requires the kind of force" that is required under Section 4B1.2(a). *Brown*, 892 F.3d at 402. Every circuit to consider the question has held that bank robbery under Section 2113(a) meets the requirements for a crime of violence under the elements clause.[4] We now join those circuits.

The least culpable conduct covered by the statute—bank robbery "by intimidation"—categorically involves a threat of physical force. Moreover, while Carr is correct that crimes of negligence cannot count as crimes of violence under the elements clause, the federal bank robbery statute requires more than mere negligence. Section 2113(a) applies only if a defendant took or attempted to take property with knowledge that his conduct was objectively intimidating. Federal bank robbery thus squarely fits within the elements clause's definition of a crime of violence.[5]

---

[4] *See United States v. McCranie*, 889 F.3d 677, 678–81 (10th Cir. 2018); *United States v. Wilson*, 880 F.3d 80, 84–85 (3d Cir. 2018); *United States v. Harper*, 869 F.3d 624, 627 (8th Cir. 2017); *United States v. Ellison*, 866 F.3d 32, 35 (1st Cir. 2017); *United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017); *United States v. McBride*, 826 F.3d 293, 295–96 (6th Cir. 2016); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990); *United States v. McNeal*, 818 F.3d 141, 153, 157 (4th Cir. 2016) (applying ACCA's identical elements clause).

[5] Because we hold that Carr's prior convictions were crimes of violence under the elements clause of the Guidelines, we need not reach the government's four procedural arguments presented in the alternative.

A.

The federal bank robbery statute provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association … Shall be fined under this title or imprisoned not more than twenty years, or both.[6]

18 U.S.C. § 2113(a). This statute requires that a person act with "force and violence" or "by intimidation." Because intimidation is the least culpable conduct covered by the statute, we must ask whether robbery "by intimidation" necessarily involves a threat of physical force such that it counts as a crime of violence under the Guidelines' elements clause. In the ACCA context, the Supreme Court has held that "force" means "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis omitted).

We agree with our fellow circuits that Section 2113(a) requires a threat of physical force because it applies only to conduct "reasonably calculated to put another in fear, or conduct and words calculated to create the impression that any resistance or defiance by the individual would be met by force." *United States v. McCranie*, 889 F.3d 677, 680 (10th Cir.

---

[6] The same subsection includes a second paragraph making it a crime to enter a bank with the intent to commit a felony. *See* 18 U.S.C. § 2113(a). Only the first paragraph is at issue in this case.

2018) (quotation marks omitted); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("Intimidation means the threat of force.").

While the ordinary meaning of the word "intimidation" is arguably broad enough to encompass nonviolent threats, the history of common law robbery makes clear that the federal bank robbery statute uses the word to refer only to threats of violence. Traditionally, the sole difference between the common law crimes of robbery and larceny was that robbery had an additional element of physical force. *See, e.g., Stokeling*, 139 S. Ct. at 550 ("At common law, an unlawful taking was merely larceny unless the crime involved 'violence.'"); *Pixley v. United States*, 692 A.2d 438, 439 (D.C. 1997) (one element of "robbery in the usual common law sense" is that the property be taken "using force or violence"); *People v. Ryan*, 88 N.E. 170, 171 (Ill. 1909) ("If a thing of value be feloniously taken from the person of another with such violence as to occasion a substantial corporal injury, or if it be obtained by a violent struggle with the possessor, it is 'robbery'; but if the article is taken without any sensible or material violence to the person and without any struggle for its possession it is merely 'larceny from the person.'").

While physical force has always been the touchstone for robbery, it was sufficient at common law for the defendant to *threaten* physical force. Jurists usually used one of two terms to describe that threat: "putting in fear" or "intimidation." *See* 4 William Blackstone, Commentaries *243 ("[R]obbery … is the felonious and forcible taking, from the person of another, of goods or money to any value, by violence or putting in fear."); *Commw. v. Clifford*, 62 Mass. 215, 216 (1851) ("Robbery, by the common law, is larceny from the person, accompanied by violence or by putting in fear."); *United States v. Durkee*, 25 F. Cas. 941, 942 (C.C.N.D. Cal. 1856)

("[R]obbery … is larceny accompanied by intimidation or force.").

In the Twentieth Century, many states codified the traditional common law elements of robbery, using the word "intimidation" to express the requirement of "putting in fear." As one court explained, "Intimidation in the law of robbery means putting in fear[.] … The modern draftsmen have changed the words but not the meaning. They employ the single word 'intimidation', but the meaning is identical." *United States v. Baker*, 129 F. Supp. 684, 685 (S.D. Cal. 1955); *see also Johnson v. State*, 57 S.E. 1056, 1056 (Ga. 1907) ("[O]ur Penal Code definition [and its use of 'intimidation'] is merely declaratory of the common law."). No matter which term is used, only a threat of physical force is sufficient to make out the elements of robbery. *See* LaFave, 3 Subst. Crim. L. § 20.3(d)(2) n. 72 ("[T]he threat must be of immediate use of physical force."); Karl Oakes, 77 Corpus Juris Secundum § 15 (2019) (explaining that intimidation "results when the words or conduct of the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the victim's will, *placing the victim in fear of bodily harm*" (emphasis added)); *United States v. Harris*, 844 F.3d 1260, 1266, 1270 (10th Cir. 2017) ("[C]ommon law robbery requires a taking 'by violence or intimidation.' … [W]hether by force, or by threats or intimidation, we conclude that robbery in Colorado has as an element the use or threatened use of physical force against another person."); *Royal v. State*, 490 So. 2d 44, 46 (Fla. 1986) (noting that robbery requires only intimidation, but explaining that "[i]t is violence that makes robbery an offense of greater atrocity than larceny"); *Fleming v. Commw.*, 196 S.E. 696, 697 (Va. 1938) ("The … fear must be of a physical nature.").

In 1934, Congress enacted the first federal bank robbery statute, which reflected state common law and criminalized theft "by force and violence, or by putting in fear." *See* ch. 304, 48 Stat. 783 (1934) (formerly codified at 12 U.S.C. § 588b(a) (1946)). In 1948, as part of a recodification, Congress relocated criminal statutes from various titles of the United States Code into Title 18. *See* An Act to Revise, Codify, and Enact into Positive Law, Title 18 of the United States Code, Pub. L. 80-772, 62 Stat. 683 (1948). Congress also made changes aimed at "[a] clear and uniform style." H.R. Rep. No. 80-304, at 8 (1947). The new code included the present day Section 2113(a), which criminalizes theft from a bank "by intimidation." Courts have consistently read Section 2113(a)'s use of "intimidation" to mean the same thing as "putting in fear" in the 1934 statute. *See United States v. Higdon*, 832 F.2d 312, 315 (5th Cir. 1987); *United States v. Robinson*, 527 F.2d 1170, 1172 n.2 (6th Cir. 1975). Section 2113(a) plainly uses language drawn from the classic definition of common law robbery, which requires the use or threatened use of force.

The Guidelines' elements clause likewise encompasses the violence element of common law robbery by requiring "the use, attempted use, or threatened use of physical force." U.S.S.G. § 4B1.2(a)(1). The Supreme Court explained that ACCA's identical elements clause was designed to mirror the definition of common law robbery. *See Stokeling*, 139 S. Ct. at 550–52 (interpreting 18 U.S.C. § 924(e)(2)(B)(i)). The Court emphasized that "[i]f a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it." *Id.* at 551 (quoting *Hall v. Hall*, 138 S. Ct. 1118, 1128 (2018)). In other words, ACCA's elements clause carries the same force requirement as the common law definition. *Id.* Both Section 2113(a) and the Guidelines' definition of a crime of violence call for the amount of force required under the common law definition of

robbery. "There is no space between" the two provisions. *Jones*, 932 F.2d at 625 (quotation marks omitted). Thus, bank robbery readily fits within the Guidelines' definition of a crime of violence in the elements clause.

Despite the established and longstanding meaning of intimidation, Carr has argued that the federal bank robbery statute applies to two classes of cases that do not involve the requisite amount of force for a crime of violence under the Guidelines. First, he emphasizes on appeal that Section 2113(a) applies even if the defendant does not make his threats explicit. For instance, a thief might hand a teller a note that says, "Give me the money," without mentioning what happens if the teller does not. But if Section 2113(a) applies in that case, it is only because a reasonable teller could infer that the note conveys an implicit threat of violence. *See United States v. Wilson*, 880 F.3d 80, 85 (3d Cir. 2018) (requiring conduct such that a teller "reasonably could infer a threat of bodily harm"); *United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017) ("[B]ank robbery by intimidation requires proof that the victim reasonably could infer a threat of bodily harm." (quotation marks omitted)). Whether implicit or explicit, Section 2113(a) always requires a threat of physical force.

Second, Carr emphasized below that a defendant can be convicted under Section 2113(a) without threatening physical contact. According to Carr, a thief who threatens to poison a teller could arguably be convicted under the bank robbery statute, but that thief would not have committed a crime of violence under the Guidelines because there was no threat of physical contact. Yet in an analogous context the Supreme Court has rejected the notion that the force requirement is satisfied only by physical contact. *United States v. Castleman*, 572 U.S. 157 (2014). Relying on ACCA precedent, *Castleman* interpreted  the term "physical force" in a similar elements

clause to encompass crimes that can be committed without physical contact—for instance, crimes committed with the use of poison. *Id*. at 170. The Court explained that if poison causes bodily injury, then the defendant has necessarily used force because "[i]t is impossible to cause bodily injury without applying force in the common-law sense." *Id.* Similarly here, a thief who threatened to poison a teller could be convicted under Section 2113(a) and that conviction would count as a crime of violence because the bodily injury caused by the poison would necessarily involve the use of force within the common law meaning incorporated by the Guidelines.

We therefore hold that the least culpable conduct covered by the statute—bank robbery "by intimidation"—categorically involves a threat of physical force as required by the elements clause's definition of a crime of violence.

### B.

Next, we address whether federal bank robbery has a sufficient mens rea requirement to count as a crime of violence under the Sentencing Guidelines. The parties do not dispute that a crime of violence under the Guidelines requires more than negligence and that a mental state of recklessness or more would be sufficient under existing circuit precedent. *See United States v. Haight*, 892 F.3d 1271, 1281 (D.C. Cir. 2018) (holding in the ACCA context "that the use of violent force includes the reckless use of such force"); *see also* Carr Br. at 8, 12; United States Br. at 28–33.

The government here maintains that the statute requires at least recklessness because it requires proof that the defendant knew he was intimidating someone. *See United States v. Bailey*, 444 U.S. 394, 404 (1980) (explaining that under modern mens rea categorizations, "[t]he different levels in this hierarchy are commonly identified, in descending order of

culpability, as purpose, knowledge, recklessness, and negligence"). According to Carr, however, the statute simply requires that the government prove negligence—in other words, the government must prove the defendant should have known there was a substantial risk his conduct was intimidating. *See* ALI, Model Penal Code § 2.02(2)(d) ("A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct.").

To evaluate the mens rea requirement in the bank robbery statute, we start with *Carter v. United States*, in which the Supreme Court held that Section 2113(a) has a "general intent" requirement. 530 U.S. 255, 268 (2000). After first observing that Section 2113(a) lacks any explicit mens rea element, the Court explained that there is a general "presumption in favor of scienter." *Id.* That presumption applies, however, only to the extent a mens rea requirement "is necessary to separate wrongful conduct from 'otherwise innocent conduct.'" *Id.* at 269 (quoting *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994)). The Court reasoned that it is inherently wrong to take property by force, regardless of whether one intends to steal. *Id.* at 268–70. The Court therefore drew the line at general intent, which it defined as "knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation)." *Id.* at 268. Someone who forcefully takes money while sleepwalking does not act with general intent because he has no knowledge of what he is doing. *Id.* at 269. On the other hand, the statute does not require specific intent to steal and therefore would apply to a person who knowingly takes money by force, even if he thinks the money is his. *Id.* at 269–70. He may not have intended to steal, but he still had knowledge of the actus reus. *Id*.

15

*Carter* requires that under Section 2113(a) the government must prove the defendant knew his conduct was intimidating, a standard requiring more than mere negligence. The Court stated that a person must know he is "taking [the] property of another by … intimidation." *Id.* at 268. Moreover, the underlying goal of implicit mens rea requirements is to separate wrongful from innocent conduct. *Id.* at 268–70. As the Court explained, a person who forcefully takes property acts wrongfully even if it is not his intent to steal. *Id.* The same cannot be said of a person who uses no force and has no knowledge that his conduct is threatening. That person engages only "in innocent, if aberrant, activity," *id.* at 257, and we should be "reluctant to infer that a negligence standard was intended in criminal statutes." *Elonis v. United States*, 135 S. Ct. 2001, 2011 (2015). Our reading of the federal bank robbery statute, requiring the defendant to know his actions were objectively intimidating, accords with every court to have reached this issue.[7]

---

[7] *See United States v. Hendricks*, 921 F.3d 320, 329 (2d Cir. 2019) ("A defendant acts 'by intimidation' when he knowingly engages in conduct from which an ordinary person in the teller's position reasonably could infer a threat of bodily harm." (quotation marks omitted)); *United States v. Garcia-Ortiz*, 904 F.3d 102, 108 (1st Cir. 2018) (requiring "knowledge on the part of the defendant that his actions were objectively intimidating"); *United States v. Deiter,* 890 F.3d 1203, 1213 (10th Cir. 2018) (agreeing with other circuits "that to be convicted of bank robbery by intimidation, the defendant must have at least known his actions were objectively intimidating"); *United States v. Watson*, 881 F.3d 782, 785 (9th Cir. 2018) ("[A] defendant may not be convicted if he only negligently intimidated the victim. The offense must at least involve the knowing use of intimidation." (citation omitted)); *Wilson*, 880 F.3d at 87 (agreeing with other circuits who "have rejected the argument that § 2113(a) criminalizes negligent or reckless behavior. They have harmonized *Carter* with the 'reasonable teller' standard inherent in § 2113(a)'s

In response, Carr notes that two circuits have held a defendant does not need to *intend* to intimidate. *See United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) ("Whether a particular act constitutes intimidation is viewed objectively, and a defendant can be convicted under section 2113(a) even if he did not intend for an act to be intimidating." (citation omitted)); *United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996) ("[T]he intimidation element of § 2113(a) is satisfied … whether or not the defendant actually intended the intimidation."). These cases, however, are consistent with the framework we have identified. As *Carter* made clear, Section 2113(a) does not require specific intent, so it does not matter whether the defendant intended to intimidate. *See Carter*, 530 U.S. at 270. Yet the defendant must at least have knowledge that he is intimidating someone. The Fourth Circuit—one of the two circuits Carr is relying on—has made that point explicitly. *See United States v. McNeal*, 818 F.3d 141, 155–56 (4th Cir. 2016) ("[T]o secure a conviction of bank robbery 'by intimidation,' the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating.").

---

intimidation requirement by requiring the government to prove a defendant 'knew that his actions were objectively intimidating.'"); *United States v. McNeal*, 818 F.3d 141, 155–56 (4th Cir. 2016) ("[T]o secure a conviction of bank robbery 'by intimidation,' the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating."); *McBride*, 826 F.3d at 296 ("The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force.").

Finally, Carr focuses on the fact that every court has defined intimidation at least partly in objective terms of what a reasonable, ordinary person would find intimidating, which Carr argues is a textbook negligence rule. Yet that is only half the standard. While the actus reus is judged in objective terms (whether an ordinary person would find the conduct intimidating), the mens rea is defined in subjective terms (whether the defendant had knowledge that an ordinary person would view his conduct as intimidating). *See, e.g., United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) ("The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force."). That the intimidation requirement has one objective component does not diminish its distinct subjective prong, which separates this offense from crimes of mere negligence.[8]

Accordingly we hold that the federal bank robbery statute applies only if the defendant had knowledge that his conduct was intimidating, and the statute therefore satisfies the mens

---

[8] Carr also argues that Section 2113(a)'s requirement is identical to the mens rea requirement proposed by the government in *Elonis*, which the Supreme Court described as "a negligence standard." 135 S. Ct. at 2011 (interpreting 18 U.S.C. § 875(c) ("Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.")). Yet Section 2113(a) requires more than what was at issue in that case, where the government's proposed standard would have required knowledge of the contents of a threatening message, but would not have required knowledge that the contents were threatening. *See id*. As we have discussed, the federal bank robbery statute requires that the defendant subjectively knew his actions were threatening.

rea requirement for a crime of violence under the Sentencing Guidelines.[9]

* * *

Bank robbery under Section 2113(a) categorically involves the use or threatened use of force. It also requires that the defendant have knowledge that he is threatening someone. We therefore join nine of our fellow circuits in holding that bank robbery under Section 2113(a) is categorically a crime of violence under the elements clause of the Guidelines. That was true before *Johnson*, and it remains true today. The district court rightly dismissed Carr's Section 2255 motion, so we affirm.

---

[9] After we held oral argument in this case, the Supreme Court granted certiorari to decide whether recklessness alone is sufficient under ACCA's identical elements clause. *See Walker v. United States*, No. 19-373 (Nov. 15, 2019). Because we hold that the federal bank robbery statute requires knowledge, and therefore more than recklessness, the question presented in *Walker* does not implicate our holding. *See* Petition for Certiorari, *Walker v. United States*, No. 19-373 at I (Sep. 19, 2019) (presenting only the question of "[w]hether a criminal offense that can be committed with a *mens rea* of recklessness can qualify as a 'violent felony'"); *see also Walker v. United States*, 931 F.3d 467, 468 (6th Cir. 2019) (Kethledge, J., dissenting from the denial of rehearing en banc) (acknowledging that ACCA's elements clause would be satisfied by higher requirements like "knowledge or intent").